*J. P. Usher*, for the appellants.

---

BOWEN and Others *v.* JOHNSON and Another (1).

The conveyance by a testator of all the land owned by him at the time of
making his will, operates to revoke it, and those after acquired do not pass
by the will.
Section 4, p. 485, R. S. 1843, applies only to cases where the will purports to
devise all the property equally, or in proportions, to all the devisees named
in it, and not to cases where particular pieces of property are devised to
particular devisees with a residuary clause.

*Thursday,*      APPEAL from the *Fountain* Circuit Court.
*July 18, 1850.*
PERKINS, J.—This was an application by a part of the
heirs of *John Johnson*, deceased, against his remaining
heirs, for partition of the real estate of which he died
seized.   The facts of the case are these:

On the 28th of *December*, 1830, said *John Johnson* made

his will, by which he devised to *John H. Johnson*, his grandson, the north half of lot 126 in the town of *Lafayette;* and all the rest and residue of his estate real to *William H. Johnson* and *John W. Johnson.* Afterwards, and prior to 1836, said *John Johnson* sold all the real estate he possessed at the time of making said will, and in *October*, 1836, with money derived from said sale, purchased other lands, being those of which partition was sought by the present application. Said *Johnson* departed this life on the 20th of *May*, 1847, never having altered said will.

*William H.* and *John W. Johnson* claim the whole of the lands of which said *John Johnson* died seized, under the residuary clause in the will, and hence resist the partition of them among his heirs generally.

By the *English* law the conveyance of all the land owned by the testator at the time of making his will, would have operated as a revocation of it, and those after acquired would not, by that law, have passed by the will set up in this proceeding. We have, however, the following statutory provision, which, it is claimed, governs this case, and gives the after-acquired lands of the deceased, *Johnson*, to the residuary devisees. It is on page 485 of the R. S. 1843, and is as follows: "Sec. 4. Every devise that shall be made by a testator in express terms of all his real estate, or in any other terms denoting his intent to devise all his real property, shall be construed to pass all the real estate which he was entitled to devise at the time of his death."

We do not think this section applicable to the case before us. We think it applies only to cases where the will purports to devise all the property equally, or in proportions, to all the devisees named in it; and not to cases where particular pieces of property are devised to particular devisees, with a residuary clause. We think that this construction will best promote justice, and is not inconsistent with the words of the statute.

Such being the case, the lands in question in this suit should be partitioned among the heirs according to the rules of descent.

Nov. Term,
1854.

BOWEN
v.
JOHNSON.

*Per Curiam.*—The decree is reversed with costs. Cause remanded, &c.

*J. A. Wright, E. W. McGaughey* and *A. A. Hammond,* for the plaintiff.

*W. P. Bryant* and *A. L. Roache,* for the defendant.

(1) The opinion delivered in this case was accidentally omitted by Mr. *Carter,* and should have appeared in 1 Ind. Reports; and it is here inserted for the convenience of the profession.