Clayton *et al.*, Administrators, *v.* Blough *et al.*

Filed Jan. 24, 1884.

———◆———

### No. 10,769.

CLAYTON ET AL., ADMINISTRATORS, *v.* BLOUGH ET AL.

| 93 | 85 |
|----|----|
| 150 | 655 |

| 93 | 85 |
|----|----|
| 154 | 549 |

PARTITION.—*Counter-Claim.*—*Decedents' Estates.*—Where a suit for partition is pending between the heirs of a decedent, the administrator has no right to intervene with a counter-claim praying for a sale of the land to make assets, nor to interfere with the proceedings in any manner.

NEW TRIAL.—*Practice.*—*Special Finding.*—Where the court finds the facts specially, and states its conclusions of law, error in the conclusions of law is not cause for a new trial.

SUPREME COURT.—*Assignment of Error.*—An assignment of error, that the court erred in rendering judgment for the appellee when it should have been for the appellant, or that the court erred in the judgment rendered, is too general to present any question.

SAME.—*Exceptions.*—Where no objection has been made in the court below to the form of a judgment, and no motion to modify it, no question can be made in the Supreme Court concerning it.

From the Hendricks Circuit Court.

*S. J. North* and *E. W. Higbee*, for appellants.

*H. S. Biggs*, *I. H. Hall*, *W. S. Marshall* and *N. G. Wood*, for appellees.

BICKNELL, C. C.—Thomas Clayton and wife, in October, 1878, conveyed to James McLoud, the middle part of the south half, and the west end of the north half, of the northwest quarter of section No. 6, of town 34 north, of range 6 east, in Kosciusko county, Indiana.

By a mutual mistake of the parties, the foregoing description was erroneous. The lands intended to be conveyed were the following: " Commencing on the open line 118 rods west of the southeast corner of the northeast quarter of section 6, in township 34 north, of range 6 east; thence north 40 rods; thence south 89° 40′ west, 236 rods, to the section line; thence south on said line 40 rods, to the quarter post; thence north 89° 40′ east, on the open line, 236 rods, to the place of beginning; also $57\frac{6}{100}$ acres off the west part of the south half of north half of section 6, in township 34 north, of range 6 east, less $3\frac{23}{100}$ acres for right of way of the Baltimore and Ohio Railroad Company; and also the northeast quarter of the southeast quarter of section 1, in township 34 north, of range 5 east, all in Kosciusko county, Indiana." McLoud, however, took possession of the land intended to be conveyed, and died seized of it on December 29th, 1880.

He left a widow, who had been his second wife, five children and three grandchildren of the blood of his first wife, and two children by his second wife. Eight days after her husband's death, having made no transfer of her interest in said lands, the widow died intestate.

In the absence of any valid will, the land would descend from said James McLoud as follows: The two children by

the second wife would inherit jointly four-twelfths from their mother and two-twelfths from their father; the five children by the first wife would inherit jointly five-twelfths from their father, and the three grandchildren would inherit jointly the remaining one-twelfth.

The appellees, the two children by the second wife, brought this suit for partition against the other children and the grandchildren, making the said Thomas Clayton and his wife co-defendants, in order to obtain a correction of the mistake in his deed aforesaid.

The complaint stated the foregoing facts, and in its first paragraph demanded correction of the mistake, and that one-half of the entire land be assigned to the plaintiffs. The second paragraph differed from the first by averring that Mc-Loud died intestate, and by demanding that the one-third inherited by them from their mother be assigned to the plaintiffs, and that the two-twelfths inherited by them from their father remain undivided, subject to a future partition after payment of the decedent's debts.

Two of the grandchildren were minors; they appeared by guardian *ad litem*.

The adult defendants, except Clayton, appeared jointly by attorney.

Clayton appeared separately by attorney.

Demurrers were filed by all of the defendants to each paragraph of the complaint. These demurrers were overruled, and some of the appellees, in the first specification of their assignment of cross errors, complain of this overruling, but they waive the alleged error by failing to discuss it in their brief.

The infant defendants answered by a general denial and two special defences.

The adult defendants, except Clayton, answered by a general denial and by four special defences.

The defendant Clayton answered by a general denial.

Demurrers were filed by the plaintiffs to all of said special

defences, and these demurrers were sustained, and some of the appellees, who were defendants below, in the second, third and fourth specifications of their assignment of cross errors, complain of the sustaining of said demurrers, but they waive these alleged errors by failing to discuss them in their brief.

The defendants, the children of the first wife, then filed a cross complaint against the plaintiffs and the grandchildren, praying for partition, and claiming that the cross complainants each own an undivided eighth of the land in controversy, and that the plaintiffs each own one undivided eighth thereof, and that the grandchildren own the remaining eighth. The plaintiffs answered this cross complaint by a general denial. The record does not show that the grandchildren answered this cross complaint.

At this stage of the proceedings, the defendants Thomas Clayton and Matilda Reynolds, one of the five children of the decedent, they claiming to be the administrators with the will annexed of said decedent, obtained leave of court to file in this suit, and did file, a cross complaint as such administrators, against the other parties to the suit.

This cross complaint averred that said James McLoud died seized of the land described in the original complaint, leaving a widow and children and grandchildren, as hereinbefore stated; that he owned at the time of his death no other land; that said widow survived her husband only eight days, but, in the meantime, had elected to take under her husband's will; that said decedent left a will which was duly probated, a copy of which was made a part of said cross complaint; that said cross complainants were administrators with said will annexed; that said will provided that all the real and personal property of the testator should be converted into money, and that the proceeds thereof, after payment of the testator's debts, should be divided equally among the heirs, taking into consideration advancements; that the land is worth $9,000; that it is an entire farm, and not divisible without injury; that the personalty of the deceased is about $3,363.92; and that there are

claims filed and pending against said estate amounting to $2,-537.98, exclusive of interest; that there are other claims against said estate, amounting to upwards of $640, besides expenses of administration and the cost of a tombstone; that, in the judgment of the cross complainants, the personal estate of the testator will be insufficient to pay his debts and the expenses of administration, by about the sum of $600. Wherefore said administrators pray for an order to sell all of said real estate to make assets to pay debts.

This cross complaint was sworn to by said Thomas Clayton; it contains the substantial requisites of a petition by an administrator to sell land to make assets, under R. S. 1881, section 2338; but it may be observed that where the will gives authority to an executor to sell the land, no petition is required. R. S. 1881, section 2360. The copy of the will shows that the testator devised to his wife for life forty acres of land in section 32, and forty acres of land in section 31, both in town 35 north, of range 6 east, in Elkhart county, Indiana, to have and to hold during her natural life, and that after her death it should be sold by his executors or administrators, and the proceeds divided equally among his heirs. The will then provides thus:

"The balance of my real estate, amounting to one hundred and sixty acres, situated as follows, to wit: One hundred and twenty acres in section 31, and forty acres in section 20, all in town. 34 north, of range 6 east, Elkhart county, Indiana, I desire shall be sold by my administrator or executor, and, after paying all my funeral expenses and just debts, the residue of the money received from the sale of said land shall be divided equally between my heirs then living." And then follows a proviso that in such division an account shall be taken of advancements.

The plaintiffs demurred to this cross complaint for want of facts sufficient to constitute a cause of action against them. The other parties answered said cross complaint by a general denial. The said demurrer of the plaintiffs was sustained,

and the appellants, in the first specification of their assign-ment of errors, complain of this ruling.

The land devised by the will is all in Elkhart county. The land of which the testator died seized is all in Kosciusko county. It does not correspond in any respect to the land devised. If, as suggested in the course of the proceedings, the testator, at the date of his will, in May, 1877, owned the land in Elkhart county, and afterwards, in October, 1878, ex-changed that land for the land in Kosciusko county, of which he died seized, such an exchange amounted to a revocation of the will, and the Kosciusko lands were not affected by the will. *Bowen* v. *Johnson*, 6 Ind. 110.

If the testator intended to describe in his will the land in controversy, and by mistake devised the land in Elkhart county, no such case is shown by the cross complaint. It does not aver any mistake or any intention to devise the lands in Kosciusko county, and any such averments would have been unavailing. So far as any allegation in the cross com-plaint is concerned, the testator left his lands in Kosciusko county undisposed of by the will. Besides, the statute pre-scribes a special mode whereby lands of a decedent may be sold by executors or administrators to make assets to pay debts. There is no other mode, and there is no authority under which executors or administrators, not sued as such, can come into any other suit and file a cross complaint for such a purpose. This suit had no connection with the rights of the administrators to make assets, and the determination of it could not in any way affect such rights. There was, therefore, no error in sustaining the plaintiff's demurrer to said cross complaint. After the demurrer to the said cross complaint was sustained, Rebecca Clayton, wife of Thomas Clayton, was made a defendant, and she answered the origi-nal complaint by a general denial. The cause was then sub-mitted to the court upon the remaining issues, and, at the re-quest of the parties, the court found the facts specially, and stated conclusions of law as follows, substantially:

Clayton *et al.*, Administrators, *v.* Blough *et al.*

1. James McLoud, on October 1st, 1878, bought from Thomas Clayton the land in controversy, and paid for it, and took possession of it, and died seized of it.

2. In the conveyance from Clayton and wife to McLoud there was a mutual mistake, as stated in the complaint; the land intended to be conveyed was the land in controversy.

2½. James McLoud died in Kosciusko county on December 28th, 1880.

3, 4 and 5. James McLoud left his second wife a widow, and children and grandchildren, as stated in the complaint.

5½. The land in controversy is not susceptible of division.

6. The defendant Matilda Brumbaugh is an infant.

7. James McLoud, when he died, owned no other land than the land in controversy. His widow died after surviving him eight days; she took no possession of any of the property; all of it remained unchanged up to the time of her death.

8. James McLoud left a will, a copy whereof is annexed to the finding. (The will need not be set forth in this opinion; it contains the provisions as to real estate hereinbefore set forth, and nothing else as to real estate.)

9. Said will was the only and last will of said James McLoud; it was duly admitted to probate in Kosciusko county, where the testator died, and Matilda Reynolds and Thomas Clayton were duly appointed administrators with the will annexed, and were duly qualified, and, in their judgment, the personal assets of said estate will be insufficient to pay the debts of said testator by the sum of $600; personal assets came to their hands as administrators in value about $3,363; the real estate in controversy is worth about $9,000.

10. The court finds as against all parties except the plaintiffs, that the widow in her lifetime elected to take under the will aforesaid, and directed that she wanted the property disposed of in the way and manner provided for in said will.

### CONCLUSIONS OF LAW.

1. The administrators are not now entitled, on their petition

and cross complaint, to an order to sell the whole of the real estate to make assets to pay debts.

2. The plaintiffs take and own jointly the one undivided third part of said real estate by inheritance from and through their mother Margaret McLoud, deceased, who took the same from and through her deceased husband, James McLoud, when he died. They also own by inheritance jointly an undivided one-fourth of the remaining two-thirds of said real estate through their father, James McLoud; in all they own jointly the undivided one-half of said real estate. The said defendants Isaac McLoud, Mitchell McLoud, Burgess McLoud, Matilda Reynolds and Sarah Whitehead, are each the owners in fee of an undivided one-twelfth part of said land by inheritance from and through their father. Said defendants William Brumbaugh, Edward Brumbaugh and Matilda Brumbaugh are the owners jointly of the undivided one-twelfth part of said real estate by inheritance from their deceased grandfather, James McLoud. The said persons own the said several interests as stated, as tenants in common, and plaintiffs are entitled to have partition as asked.

3. Plaintiffs are entitled to have the conveyance from the defendants Thomas Clayton and Rebecca Clayton to James McLoud corrected and reformed, so as to correctly describe the land intended to be therein described and conveyed.

4. Said land, not being divisible, should be sold by a commissioner appointed for that purpose; one-third of the proceeds should be free from payment of the debts of said James McLoud; out of the other two-thirds, whatever deficiency may be found to exist between the personal assets of the estate of James McLoud, deceased, and his indebtedness, including expenses of administration, so as to fully discharge all such indebtedness and expenses of administration, after personal assets are exhausted, should be paid by proper order. The remainder should be distributed according to the interests of the parties here fixed.

The defendants Clayton and Matilda Reynolds, as admin-

Clayton *et al.*, Administrators, *v.* Blough *et al.*

istrators, excepted to the conclusions of law. They also moved the court for judgment in their favor on their cross complaint as against all their co-defendants. This motion was overruled. In the fourth specification of their assignment of errors, said administrators complain of this overruling, but there was no error in it, because, as we have already stated, in considering the plaintiffs' demurrer to said cross complaint, such a pleading as the cross complaint was altogether inappropriate and unwarranted, and insufficient for any purpose.

Said administrators also moved for a new trial, presenting the following causes therefor.

1. The findings are not sustained by sufficient evidence.

2. The findings are contrary to law.

3. Error in this, that the findings and conclusions of law should have been in favor of the defendants on all the issues made on the original complaint, and in favor of these administrators upon the cross complaint. This motion for a new trial was overruled, and this overruling is assigned as error by the administrators in the fifth specification of their assignment of errors. But as the evidence is not in the record this alleged error presents no question. *Kerwin* v. *Myers*, 71 Ind. 359.; *Baltimore, etc., R. R. Co.* v. *Johnson*, 83 Ind. 57. An error in a conclusion of law is not one of the causes for a new trial. *Selking* v. *Jones*, 52 Ind. 409.

The defendants Mitchell McLoud, Alexander Burgess McLoud, Sarah Whitehead, William Brumbaugh, Edward Brumbaugh and Matilda Brumbaugh, moved the court for judgment against the plaintiffs on the special findings of facts and conclusions of law, and this motion was overruled. This overruling is complained of by said defendants in the seventh specification of their assignment of cross errors. There was no error in this respect. The findings were against the said defendants. These defendants also excepted to the conclusions of law and moved for a new trial for the following alleged causes :

1. The findings are not sustained by sufficient evidence.

2. The findings are contrary to law.

3. Error in this, that the findings and conclusions of law should have been in favor of these defendants on all the issues made on the original complaint, instead of being for the plaintiffs and against these defendants.

This motion for a new trial was overruled, and such overruling is complained of by these defendants in the eighth specification of their assignment of cross errors, but this alleged error is unavailing for the reasons hereinbefore stated in considering the motion of the administrators for a new trial.

The defendant Isaac McLoud moved separately for judgment against the plaintiffs on the special findings and conclusions of law, and he also excepted to the conclusions of law, and moved separately for a new trial for the same causes alleged by his co-defendants in their motion for a new trial; this motion was overruled.

Isaac McLoud joined his co-defendants in their assignment of cross errors. It appears by what has been hereinbefore said that his motion for a new trial presents no question, and that his motion for judgment upon the findings was properly overruled. The court rendered a judgment for the sale of the land, and appointed a commissioner to sell. The judgment concluded as follows: "It is further ordered by the court that out of the proceeds of the sale of said real estate not adjudged to the plaintiffs, said commissioner shall, when the same is definitely ascertained, pay to Thomas Clayton and Matilda Reynolds, administrators, a sufficient amount of such proceeds as to fully pay and discharge all indebtedness of the estate of James McLoud, deceased, and costs of the administration thereof, that may be remaining after the personal assets of said estate are exhausted, and the remainder of such proceeds shall be distributed to the several parties herein according to their interests as herein found." To this judgment and to the appointment of a commissioner to sell the defendants severally excepted.

Thomas Clayton and Matilda Reynolds, as administrators, etc., appealed.

Their assignment of errors embraces seven specifications. Of these the first, fourth and fifth have already been considered.

The second and third specifications present only the question did the court err in its conclusions. We think it did not. The administrators had no authority under the will to sell the lands in controversy, because these lands were not devised by the will, and they could obtain an order to sell these lands to make assets only in the mode provided by the statute, and they had no authority to come in of their own motion in any other suit and seek such order by a cross complaint or by any other pleading. The conclusion of law, that some of the proceeds of the sale ought to be paid over to the administrators to be by them applied in discharge of James McLoud's debts, was more favorable to the administrators than they had a right to expect in such a case. The land being indivisible, the controversy was whether the commissioner or the administrators should sell it, and the court seems to have made a fair settlement of the controversy by requiring the commissioner to sell for the benefit of the administrators as well as the heirs.

The sixth specification of the assignment of errors is, that the court erred in rendering judgment in favor of the appellees when judgment should have been rendered in favor of the appellants. This specification is too general to present any question. *Finch* v. *Travellers Ins. Co.*, 87 Ind. 302.

The seventh specification of error is that the court erred in appointing a commissioner to sell and in the directions given to him as to the distribution of the proceeds; but this specification is not available, because there was no objection to the form of the judgment in this respect, and no motion to correct or modify the judgment. *Jenkins* v. *Rice*, 84 Ind. 342.

The appellees, except Isaac McLoud, join in an assignment of cross errors, embracing ten specifications. Of these, the

first four, the seventh and the eighth, have already been considered. The fifth and the sixth present the same questions as to the conclusions of law which are presented by the second and third specifications of the appellants' assignment of errors, and which have been already determined. The ninth specification is that the court erred in its judgment rendered in this cause. This is too general to present any question. *Bowlus* v. *Brier*, 87 Ind. 391. The tenth is the same as the seventh specification of the appellants' assignment of errors, and can not be considered for the reasons hereinbefore stated as to said seventh specification. We have now disposed of all the errors and cross errors assigned. We find no error in the record which will warrant a reversal of the judgment, but through some inadvertence the judgment does not correspond with the conclusions of law in one particular. The fourth conclusion of law is that one-third of the proceeds of the sale should be free from the debts of the said James Mc-Loud, and that out of the proceeds of the other two-thirds any deficiency of the personal estate of said deceased to pay his debts should be supplied; but the judgment is that one-half of the entire proceeds shall be paid to the plaintiffs below, and that such deficiency of the personal estate of said deceased shall be paid out of the other half. This was evidently a mere inadvertence. The two-twelfths of the land inherited by the plaintiffs below from their father are subject to his debts equally with the land of the other heirs. In this respect the judgment of the court below should be modified.

PER CURIAM.—It is therefore ordered, on the foregoing opinion, that this cause be and the same is hereby remanded, with instructions to the court below to modify its judgment so that the same shall be in accordance with said fourth conclusion of law, and shall require the proceeds of all the land of the appellees Rachel Blough and Belle Holderman, except the one-third inherited by them from their mother, to contribute its proportion to the payment of their father's debts in case of any deficiency of his personal estate; and it is

further ordered that with such modification the judgment of the court below be and the same is hereby affirmed, and that the costs of this appeal be paid by the said Rachel Blough and Belle Holderman.

Filed Jan. 24, 1884.