Filed Dec. 21, 1886.

---

No. 12,743.

### THOMAS v. THOMAS ET AL.

WILL.—*Devise of Life-Estate.—Intestacy as to Fee.*—Where a testator devises his lands to his widow for life, but fails to dispose of the fee, the law casts it upon his heirs.

SAME.—*Descent.—Exclusion of Heir.—Estoppel.*—A subsequent clause of the will, bequeathing to a named son "twenty-five dollars only" of all the testator's real and personal property, is not of itself sufficient to exclude him from participation under the statute of descents, nor is he estopped to assert his right as heir by receiving the legacy.

From the Washington Circuit Court.

*W. K. Marshall, F. L. Prow, S. H. Mitchell* and *R. B. Mitchell,* for appellant.

*S. B. Voyles* and *H. Morris,* for appellees.

MITCHELL, J.—Ambrose E. Thomas, in a formal complaint for partition, wherein the appellees were named as defendants, alleged that he was the owner in fee, as tenant in common, of an undivided one-eighth of certain real estate described, which he prayed might be partitioned according to the interests of the several tenants, as such interests were specifically alleged.

The appellees answered that the land described had been owned in fee by Andrew Thomas, deceased, who departed this life testate, in the year 1878, leaving as his heirs a widow and eight children. The appellant and the appellees were

children of the testator. In the last will of Andrew Thomas, which is made part of the answer, appears the following :

"*First.* I give and bequeath to my beloved wife, Lucinda K. Thomas, in lieu of her interest in my lands, all of my lands" (describing them), "embracing in all two hundred and fifty-one acres, more or less, which I consider to constitute my home place upon which I now live, to hold during her natural life. I also give to my wife one-third of all the personal property that I may own at the time of my decease, and also in addition three hundred dollars in money.

"*Second.* It is my will that all the rest of my personal property be sold and the proceeds divided among my lawful heirs equally, except my son, Ambrose E. Thomas, to him I will twenty-five dollars only of my real and personal property, in addition to the amount I have already advanced him."

Apart from the foregoing, the will contained nothing in the nature of a disposition of the testator's property.

The answer set up that the testament had been duly admitted to probate, that the widow had elected to take the provisions therein made for her, and that the plaintiff had received and receipted for the bequest of twenty-five dollars, which fact had been duly reported in the account of the executor, who had fully settled the estate according to the provisions of the will, and who, it was alleged, had been discharged.

A demurrer was overruled to this answer, and the plaintiff electing to stand by the demurrer, judgment was given that he take nothing by his suit. The propriety of this ruling depends upon the construction of the provisions of the will above set out.

As will be seen, the only disposition which the testator made of or concerning his real estate, was to devise an estate for life in the land in controversy to his widow.

In respect to the remainder in fee, he died intestate. In so far as the real estate was not disposed of by the will of

the testator, the law cast it upon his heirs, at his death. *Hauk* v. *McComas*, 98 Ind. 460; *Waugh* v. *Riley*, 68 Ind. 482.

The mere fact that a will was made did not interrupt the statute regulating descents, unless by force of the testament a disposition was made of the whole estate different from that provided by law, in case of intestacy. *Armstrong* v. *Berreman*, 13 Ind. 422; *Rusing* v. *Rusing*, 25 Ind. 63; *Lindsay* v. *Lindsay*, 47 Ind. 283; *Dale* v. *Bartley*, 58 Ind. 101; *Parks* v. *Kimes*, 100 Ind. 148.

Conceding to some extent at least the force and application of the rule stated, counsel argue in support of the ruling below, that the second clause of the will manifests an intention of the testator to dispose of the remainder of the real estate to his heirs, excluding the appellant Ambrose.

Whatever may have been his intention in regard to the exclusion of his son Ambrose E., the fact remains, that there is not one word in the will looking to a disposition of the reversion, after carving out of it a life-estate for his widow.

The controlling fact is, not the emphasis with which he may have declared his purpose to exclude the appellant, but that he wholly failed to devise the estate so as to vest the remainder in fee in any one, thus leaving it to be controlled by the canons of descent.

The case is in no way distinguishable in principle from *McIntire* v. *Cross*, 3 Ind. 444.

We agree that the intention of the testator is to be ascertained and carried into effect, in the construction of every will, but this intention is to be collected from what is contained in the instrument. The rule is not to be carried to the extent of importing bodily into the testament a disposition of an estate, concerning which the instrument itself is entirely silent.

It is insisted that because the appellant received the legacy bequeathed to him in the second clause of the will, he thereby became estopped to assert his right as heir.

The principle invoked is not applicable here. A benefi-

ciary in a will or other instrument will not be heard to repudiate the instrument after accepting the benefits which it confers. Here, however, the appellant makes no assault upon the will. The appellees set up the will to bar the appellant's right as heir. Accepting the will according to its terms, the appellant asserts that his right in the real estate as heir is in no manner affected by the will. In this he is sustained by the instrument which the appellees have produced.

What the appellant's rights may be in the end, in view of the advancements referred to in the will, is not now before us.

The court erred in overruling the demurrer to the answer. Judgment reversed, with costs.

