HERTFORD ET AL. v. HARNED, ADMINISTRATRIX,
ET AL.

[No. 22,988. Filed October 3, 1916.]

1. WILLS.—Validity.—Necessity of Writing.—The right to dispose
of property by will is a creature of statute, and its exercise is limited
by the requirement that it be in writing. p. 218.
2. REFORMATION OF INSTRUMENTS.—Wills.—Construction.—Power
of Court.—While courts of equity are invested with the power
of reforming written contracts for mutual mistake and of making them
conform to the intent of the contracting parties, they are not
clothed with like authority over wills, nor have they the rightful
power to admit extrinsic evidence to add to, eliminate, or vary
the terms of a will as written. p. 218.
3. WILLS.—Construction.—Intent of Testator.—Extrinsic Evidence.—
Admissibility.—The purpose of construing a will is to give effect
to the testator's lawful intentions as expressed therein, and, since
the law prescribes no technical rule of accuracy either in the
description of the gift or of the donee, extrinsic evidence is admis-
sible to show the circumstances surrounding the testator at the
time the will was written, thus placing the court engaged in as-
certaining the intent expressed therein in the same situation as
that occupied by the testator. p. 218.
4. WILLS.—Construction.—Scope of Inquiry.—In construing wills
the general subjects of inquiry are the person intended as the donee,
the thing contemplated and the testator's purpose in relation to
such person and thing. p. 219.
5. WILLS.—Construction.—Latent Ambiguity.—Evidence.—Extrin-
sic Facts.—Where the language employed in a will apparently
denotes the testator's purpose, but a latent ambiguity develops
in applying the will to the objects or subjects therein referred to,
the court may, in order to correctly interpret the language used,

inquire into every other material extrinsic fact to which the will refers, and to the relation which the testator occupied to such facts.    p. 219.

6.   WILLS.—*Construction.*—*Erroneous Description.*—Errors in the description of a legacy or legatee will be disregarded where enough remains to show with reasonable certainty the gift and object intended.    p. 219.

7.   WILLS.—*Construction.*—*Latent Ambiguity.*— *Extrinsic Evidence.*—Where a testatrix made a devise of "my stock in the  *  *  * bank amounting to One Thousand ($1,000) dollars" and it appeared that at the time the will was made the only bank stock owned by the testatrix was twenty shares of the par value of $2,000 and of the actual value of $5,000, extrinsic facts were admissible to remove the latent ambiguity so that the court might determine the beneficial interest devised.    p. 220.

8.   WILLS—*Construction.*—*Latent Ambiguity.*—*Misdescription of Personalty.*—Where testatrix made a devise reading, "I hereby give and bequeath to A my stock in the  *  *  *  bank amounting to One Thousand ($1,000) dollars," and it appeared that at the time the will was written the only bank stock she owned was twenty shares of the par value of $2,000, which had been obtained by the surrender of a certificate of ten shares of stock of the par value of $1,000 upon the declaration of a stock dividend, the phrase "amounting to One-Thousand ($1,000) dollars," viewed in the light of the context of the will and testatrix's circumstances at the time the will was written, should be disregarded as being merely additional description and as not intended to limit the quantity of the gift to the devisee.    p. 220.

9.   WILLS.—*Construction.*—*Misdescription of Personalty.*—The rule permitting the correction of misdescriptions of realty in wills to conform to the intent of the testator is applicable to bequests of personalty.    p. 221.

From Daviess Circuit Court; *James W. Ogdon,* Judge.

Action by Annie E. Harned, adminstratrix of the estate of Matilda M. Wilson, deceased, and others against Irma Hertford and others. From a judgment for plaintiffs, the defendants appeal. *Reversed.*

*W. R. Gardiner, C. K. Tharp* and *C. G. Gardiner,* for appellants.

*Milton S. Hastings, Josiah G. Allen, Elmer E. Hastings* and *Arthur W. Allen,* for appellees.

MORRIS, J.—This was an action by appellees to construe the will of Matilda M. Wilson. The first and third items of the will are as follows:

"1. I hereby give and bequeath to Mrs. Irma Hertford my stock in the Washington National Bank amounting to One-Thousand ($1,000) dollars, said bank located in the town of Washington in Daviess County, Indiana, and also to her One-Thousand ($1,000) Dollars in Greencastle School Bonds owned by me. The said bank stock and bonds are to be held by my executor and invested by it in interest bearing securities until Edward K. Hertford, Jr. (now one year old) arrives at the age of twenty-five years, at which time said executor shall turn over and deliver to said Irma Hertford the said stocks and bonds or the money derived from them together with interest and accumulations, and it is my desire that she and her son Edward K. Hertford shall enjoy and have said money, and it is my wish that no part of it goes to Edward K. Hertford, Sr., and in the event that said Irma Hertford should die before said child shall reach twenty-five years of age, then in that event said stock, bonds and money shall go to and become the property of Sarah Hayes to have and to hold forever, and it is wished by this testatrix that said Sarah Hayes use said property as she may choose to the benefit of herself and said Edward K. Hertford, Jr."

"3. I give, bequeath and devise to my sister Annie E. Harned my Two hundred and twenty (220) acres of land situated in the northern part of Daviess County, in Steel Township, state of Indiana. She to have and to hold said land during her natural life, and at her death the said land to go to my heirs at law. I also give and bequeath to my said sister Annie E. Harned for board One-thousand ($1,000) dollars and also I give to my said sister my long gold chain and I request her to give said chain to

some poor Catholic Bishop, also to my said sis-
ter whatever she may wish to have out of my
room and whatever remains in said room be
given to Annie Morgan, Sarah Hayes and Ada
Blake.''

Item two, and items four to fifteen inclusive,
consist of charitable devises and bequests, and be-
quests to relatives and friends.    Items sixteen and
seventeen are as follows:

"16.    I hereby give and bequeath and devise
to my sister Annie E. Harned any and all bal-
ance or remainder that may be left after the
carrying out and administering my estate as
herein directed.''
"17.    I hereby nominate and appoint the
Washington Trust Company of the town of
Washington, in the county of Davis and state
of Indiana as my executor to carry out the fore-
going will.''

Edward K. Hertford is a minor, and appeared by
guardian *ad litem.*    At the hearing counsel agreed
on a statement of facts with a stipulation that, in
so far as admissible in evidence, the same should
be deemed as true.    This statement includes the
following:    The testatrix was a widow for eighteen
years previous to the execution of the will.    She was
of sound mind, but in poor physical health, and was a
patient in a hospital at Evansville, when the will
was made.    It was written by a stranger to her,
a lawyer at Evansville, who was never at Washing-
ton, knew nothing of its financial institutions, and
did not actually know whether the municipal cor-
poration of Washington was a city or town.    At
the time all of Mrs. Wilson's private papers and
securities were at Washington.    She owned no
Greencastle school bonds, but did own two Putnam
county courthouse bonds of the par value of $500

each. In 1885 she inherited from her deceased
father twenty shares of stock in the Washington
National Bank, located in the city of Washington,
in Daviess county. In 1896 she sold ten shares of
this stock (par value $100 per share) to F. M.
Harned, husband of appellee Annie E. Harned, and
with whom she resided. In 1907 a stock dividend
of 100 per cent. was declared and the capital stock of
the bank increased from $50,000 to $100,000. Mrs.
Wilson's ten-share certificate was surrendered, and
in lieu thereof, with her knowledge, one for twenty
shares was issued to her. Said F. M. Harned de-
livered the new certificate to her in 1907, and ex-
ecuted her receipt therefor to the bank. She owned
this certificate when the will was made and at her
death. The actual value of the stock is, and was
when the will was made, $250 per share. She
owned no other bank stock. She never in person
attended any stockholders' meeting of the bank,
and was not in it for two or three years before the
will was made. When dividends were declared
on her bank stock, the amounts due her were
credited to her deposit account, and certificates
therefor were delivered to said Harned, who de-
livered the same to her. There was before the exe-
cution of the will, in said city of Washington, a
corporation called the Washington Trust Company,
of which Mrs. Wilson knew. In 1902, however,
this company was merged into the Citizens Loan &
Trust Company of said city. The latter is still
in existence doing business. The testatrix was ig-
norant of the merger.

The trial court adjudged that by item No. 1 of
the will Mrs. Wilson bequeathed to Irma Hert-
ford the two Putnam county courthouse bonds, to
be held by the Citizens Loan & Trust Company of
Washington, in trust for the legatees, as named in
said item. It further adjudged that ten shares of

the bank stock were bequeathed to Irma Hertford by item No. 1, and that the remaining ten shares passed to Annie Harned under the residuary clause of the will.

Irma and Edward K. Hertford appeal, and claim that all the bank stock was disposed of by item No. 1 of the will; that the clause, "I hereby give and bequeath to Mrs. Irma Hertford my stock in the Washington National Bank *amounting to One-thousand dollars*" considered in connection with the other provisions of the will and the facts surrounding the testatrix when it was executed, show her intention to bequeath all the stock; that the words which we italicize were used for the purpose of superadded description and should be disregarded. Counsel for appellees contend that the italicized words were used for the purpose of restriction of quantity of stock given rather than of description of the gift made, and that there is no latent ambiguity in the will that calls for the admission of parol evidence.

The right to dispose of property by will is a creature of statute. Its exercise is limited by the requirement that it be in writing. While courts of equity are invested with the power of reforming written contracts for mutual mistake and of making them conform to the intent of the contracting parties, they are not clothed with like authority over wills, nor have they the rightful power to admit extrinsic evidence to add to, eliminate, or vary the terms of a will as written. *Dennis* v. *Holsapple* (1897), 148 Ind. 297, 47 N. E. 631, 46 L. R. A. 168, 62 Am. St. 526. Since, however, it is the object in construing wills to give effect to the testator's lawful intentions expressed in the will, and since the law prescribes no technical rule of

accuracy either in the description of the gift or of the donee, extrinsic evidence is admissible to show the circumstances surrounding the testator when the will was made, and thus furnish the court engaged in the task of ascertaining the intent the same light, as near as possible, as that enjoyed by the writer of the instrument. *Daugherty* v. *Rogers* (1889), 119 Ind. 254, 20 N. E. 779, 3 L. R. A. 847.

In construing wills, the general subjects of inquiry are: (1) The person intended; (2) the thing contemplated; and (3) the testator's purpose in relation to such person and thing. Wigram, Wills 263, note. It often happens that the language of a will, on the face thereof, is sufficiently clear to denote the testator's purpose; yet, when read in the light of evidence relating to the property owned by him, and the objects of his bounty, when the will was executed, there develops such lack of harmony between the language employed and the surrounding facts as to render the testator's intention obscure. To remove such latent ambiguity the court may properly inquire into every other material extrinsic fact to which the will certainly refers, and the relation of the testator to such facts, to the end that the court may discover the purpose of the testator in the language actually used in the will. *Daugherty* v. *Rogers, supra,* 259; *Patch* v. *White* (1886), 117 U. S. 210, 6 Sup. Ct. 617, 29 L. Ed. 860.

Errors in the description of a legacy or legatee will be disregarded where enough remains to show with reasonable certainty the gift and object intended. *Pate* v. *Bushong* (1903), 161 Ind. 533, 540, 69 N. E. 291, 63 L. R. A. 593, 100 Am. St. 287.

It appears here that when the will was made Mrs.

Wilson owned twenty shares of stock of the par value of $2,000 and of the actual value of $5,000. It was necessary for the trial court to determine whether the testatrix intended to give to Irma Hertford a beneficial interest in (1) all the bank stock, or (2) the half thereof, or possibly $1,000, in the proceeds of the sale thereof. We are of the opinion that extraneous facts were admissible in evidence to remove the latent ambiguity. *Daugherty* v. *Rogers, supra.* These facts show that testatrix's certificate of stock originally represented only ten shares of the par value of $1,000, and that this was exchanged for the one in controversy, the increase in the number of shares being accomplished by the conversion of undivided earnings into capital stock. The will was executed five years after the new certificate was delivered to her, and at the time she could not examine her private papers for accurate description. If she intended to divide this bank stock between the residuary legatee and Mrs. Hertford, she omitted from item No. 3 any mention thereof, and this omission is significant, for it expressly mentions a gift of $1,000 to Mrs. Harned which would have passed without such mention under the residuary clause. Her stock was represented by a single certificate, and the legacy to Mrs. Hertford was a specific one. The language used in item No. 1 is not reasonably consistent with the assumed intent to divide the stock equally between Mrs. Harned and Mrs. Hertford.

In *Patch* v. *White, supra*, the testator, on the face of the will, devised to a person named "lot numbered six, in square four hundred and three" in the city of Washington, D. C. The testator did not own such lot, but did own lot numbered three, in square four hundred and six. In an opinion holding that

the devisee acquired title to the lot actually owned, but erroneously described, it was said: "The testator, evidently by mistake, put 'three' for 'six' and 'six' for 'three', a sort of mis-speech to which the human mind is perversely addicted. It is done every day even by painstaking people. Dr. Johnson, in the preface to his Dictionary, well says, 'Sudden fits of inadvertence will surprise vigilance, slight avocations will seduce attention, and casual eclipses of the mind will darken learning.' Not to allow the correction of such evident slips of attention, when there is evidence by which to correct it, would be to abrogate the old maxim of the law, *falsa demonstratio non nocet*.' "

In the instant case, item one of Mrs. Wilson's will provides that: "I hereby give and bequeath to Mrs. Irma Hertford my stock in the Washington National Bank." Standing alone, this provision would undoubtedly bequeath all the stock in such bank owned by her. We are of the opinion from the terms of the will and the facts admitted as true that the phrase, "amounting to $1000", was intended by testatrix to furnish an additional description of the bank stock owned by her, and not to limit the quantity of the gift to Mrs. Hertford; that such description is erroneous and should be disregarded. *Pate* v. *Bushong, supra*, and authorities cited. See also note to *Re Boeck*, L. R. A. 1915E 1009. It is suggested by counsel for appellees that most of the cases relied on by 9. appellants' counsel deal with misdescriptions of real estate. While this is true, we perceive no good reason why a like rule is not applicable to bequests of personalty.

Appellants' motion for a new trial challenged the court's decision as being contrary to law and not supported by sufficient evidence. The court's con-

struction of the provision relating to the bank stock was erroneous, and the judgment is reversed, with instruction to grant appellants motion for a new trial.

NOTE.—Reported in 113 N. E. 727, See under (1) 40 Cyc 1092; (2) 34 Cyc 924; 40 Cyc 1427; (9) 40 Cyc 1442. Admissability of evidence to aid in the construction of a will, 50 Am. St. 279; Ann. Cas. 1915B 8.