## WOLF ET AL. *v.* WOLF.

[No. 10,356. Filed April 29, 1920.]

1. **WILLS.**—*Revocation.—Conveyance of Devised Lands.*—At common law, the sale of real estate devised revoked the will in respect to such devise, and, in the absence of statute changing the common-law rule, a devise of lands operates only on those lands which the testator owned at the time the will was executed, and no after-acquired land· will pass under such will unless subsequently to the purchase thereof the testator republishes his will. p. 223.

2. WILLS.—*Construction.*—*Intent of Testator.*—*Statute.*—Section 3123 Burns 1914, §2567 R. S. 1881, providing that every devise, in terms denoting the testator's intention to devise his entire interest in all his real or personal property, shall be construed to pass all of the estate in such property, including estates for the life of another, which he was entitled to devise at his death, furnishes a rule of construction, and the intention of the testator to devise his entire interest in lands, when ascertained, if consistent with the rules of law, must prevail, notwithstanding the common-law rule as to the effect of the alienation of real estate after the execution of the will. p. 224.

3. WILLS.—*Right of Husband to Devise Estate.*—*Election by Widow.*—*Statutes.*—Although §3014 Burns 1914, §2483 R. S. 1881, provides that the widow shall upon the death of her husband inherit one-third of his real estate, he may in his will give her more or less than the law gives her, and unless she elects to take under the law, as provided in §§3042, 3045 Burns 1914, Acts 1885 p. 239, Acts 1907 p. 72, she takes under the will, and receives nothing from her husband's estate by reason of the law of descent, unless it is otherwise provided in the will. p. 225.

4. WILLS.—*Revocation.*—*Conveyance of Devised Lands.*—A will providing that testator's wife should have a life estate in all of testator's real estate and money, and that after her death "I will and bequeath my two-thirds to my beloved brothers and sisters," did not denote an intention to devise testator's entire estate, so that §3123 Burns 1914, §2567 R. S. 1881, as to the construction of a will disposing of the entire estate, does not apply, and where testator, after the execution of the will, sold the real estate and acquired other lands, and the will was not republished, the brothers and sisters on testator's death took no interest in such after-acquired realty, since the alienation of the land devised operated as a revocation of the will under the rule of the common law in force in Indiana and the entire estate descended to the wife as the heir of her husband under §3028 Burns 1914, §2490 R. S. 1881, testator leaving no child and no father nor mother. p. 225.

From Laporte Circuit Court; *James F. Gallaher,* Judge.

Action by Rosa M. Wolf against August Wolf and others. From a judgment for plaintiff, the defendants appeal. *Affirmed.*

*L. M. Hammerschmidt, Frank E. Osborn, Lee L. Osborn* and *K. D. Osborn,* for appellants.

*Lenn J. Oare, Russell W. Geyer, Archibald G. Graham* and *George A. Crane,* for appellee.

McMAHAN, J.—This is an action by appellee against the appellants to quiet title to certain real estate in St. Joseph county, Indiana. The appellee is the widow of John B. Wolf, and the appellants are his brothers and sisters, and descendants of the deceased brothers and sisters of John B. Wolf.

In 1876 John B. Wolf executed and published a will reading as follows:

"I will and bequeath to my dearly beloved wife, the whole of my real estate and money for her lifetime; after her death I will and bequeath my two-thirds to my beloved brothers and sisters."

After the execution of this will he sold and disposed of all the real estate which he owned at the time he made this will. In 1879 he purchased the real estate in controversy, it being a farm of 120 acres, on which he and appellee resided from 1879 to the time of his death in 1906. Mr. Wolf left surviving him no father, mother, or descendants.

The assignment of errors in this case presents but one question, viz.: Did the undivided two-thirds of the real estate acquired by Mr. Wolf after the making of his will pass to his brothers and sisters subject to a life estate in appellee?

At common law, the sale of real estate devised revoked the will in respect to such devise. In the absence of a statute changing the common-law rule, a de-

1. vise of lands operates only on those lands which the testator owned at the time the will was executed, and no after-acquired land will pass under such a will unless subsequently to the purchase the testator republishes his will. 40 Cyc 1044; *Bowen* v. *Johnson*

(1850), 6 Ind. 110, 61 Am. Dec. 110; *Swails* v. *Swails* (1884), 98 Ind. 511.   Under this rule the alienation of land devised operates as a revocation of the will.   This rule is in force in this state except as modified by §§3119-3123 Burns 1914, §§2563-2567 R. S. 1881.   Said §§3119-3122 relate to transactions in the nature of partial divesting of title to lands devised, and provide that certain specific acts of partial alienation shall not amount to a revocation of a devise, and are not applicable to the instant case.

Section 3123, *supra*, reads as follows: "Every devise, in terms denoting the testator's intention to devise his entire interest in all his real or personal property, shall be construed to pass all of the estate in such property, including estates for the life of another, which he was entitled to devise at his death."

This section furnishes us a rule of construction and the intention of the testator when ascertained, if consistent with the rules of law, must prevail, notwithstanding the common-law rule as to the effect of the alienation of real estate after the execution of a will.

2.

Appellants insist that the intention of the testator "to devise his *entire* interest in *all* his real estate," which he was entitled to devise at his death, is clearly stated and expressed in the will.   Appellee, on the other hand, insists that the will does not in terms devise all of the testator's real estate and personal property; that no portion of the personalty is devised except "money"; that it creates and devises to appellee a life estate in the whole of the testator's real estate, and devises a remainder in two-thirds of his real estate to his brothers and sisters; that it fails to devise the remainder in one-third of his real estate to any one and, therefore, does not in terms denote the intention of the testator "to devise his entire interest in all his real or personal prop-

erty," and that it cannot be construed to pass all of the estate which he was entitled to devise at his death, as provided in §3123, *supra.*

Appellants argue that, since §3014 Burns 1914, §2483 R. S. 1881, provides that a widow shall inherit one-third of the real estate of her husband whether he dies testate or intestate, no power can deprive the wife of that one-third interest, and that the entire interest of the testator of the land in controversy subject to testamentary disposition was the two-thirds which he willed, and bequeathed to his brothers and sisters subject to the life estate of appellee; that since the statute gave appellee one-third in fee, and the will gave her a life estate in the whole of his real estate, the entire interest of the testator which he was entitled to devise at his death passed under the will.

While §3014, *supra,* provides that the wife shall, upon the death of her husband, testate or intestate, inherit one-third of his real estate, he may by will

3. make other provisions for her. True, §3014, *supra,* provides that she shall inherit one-third of such real estate whether he dies testate or intestate, but he has a right under the law to make a will, and in so doing he may make other provisions for his wife. He may in his will give her more or less than the law gives her, and, unless she elects to take under the law, she takes under the will, and receives nothing from her husband's estate by reason of the law of descent, unless it is otherwise provided in the will. §§3043, 3045 Burns 1914; Acts 1885 p. 239, Acts 1907 p. 73.

In *Thomas* v. *Thomas* (1886), 108 Ind. 576, 9 N. E. 457, it was held that a testator who devised his lands

4. to his widow for life, but failed to dispose of the reversionary interest, died intestate as to such remainder in the whole of his lands. In the instant

case Mr. Wolf did not undertake to dispose of the whole of the reversionary interest in his lands by his will. In so far as the reversion in one-third of his lands is concerned, he clearly died intestate, and, as said by the Supreme Court in the Thomas case: "The mere fact that a will was made did not interrupt the statute regulating descents, unless by force of the testament a disposition was made of the whole estate different from that provided by law, in case of intestacy." Whatever may have been the intention of Mr. Wolf in regard to the remainder in the one-third of his real estate, the fact remains that there is not one word in the will looking to the disposition of the fee in that one-third after carving out of it a life estate for the widow.

This being true, the rule of the common law must control. Under this rule the will in controversy operated only on the real estate owned by John B. Wolf at the time he executed and published his will. The real estate in controversy, having been acquired by him after the making and publishing of his will, did not pass thereunder. Under §3028 Burns 1914, §2490 R. S. 1881, the entire estate descended to appellee in fee simple.

Judgment affirmed.