In re Estate of James E. Canterbury.
Elmore Memorial Adventist Christian Church, Petitioner, Appellant, v. First Adventis Church, Respondent, Appellee.

No. 44692.

March 14, 1939.

Stanley L. Moody, LeRoy Rader, and J. T. Reynolds, for petitioner, appellant.

Stull, Lucier & Elmquist and U. S. Albertson, for respondent, appellee.

Stiger, J.—Appellee's motion to dismiss or affirm appeal and motion to tax penalty are overruled. This is the second time this case has been before us. See In re Canterbury Estate, 224 Iowa 1080, 278 N. W. 210.

The material portion of paragraph 2 of the will of James E. Canterbury, deceased, reads:

"I give, devise, bequeath, and appoint to the First Adventis Church located on Bigley Avenue in Charleston, West Virginia" (here follows description of property).

First Adventis Church is located on Randolph street in Charleston and Elmore Memorial Adventist Church is located on Bigley avenue. The only church in Charleston named First Adventis Church is located on Randolph street. The issue is, to which church did testator intend to leave the property?

The trial court found that the testator intended to, and did, designate the appellee, First Adventis Church on Randolph street, as beneficiary under said paragraph 2. Elmore Memorial Adventist Church appealed.

The case was tried as a law action. James E. Canterbury lived in Charleston, West Virginia, from about 1915 or 1916 to sometime in 1918. In 1918, he returned to Iowa for a year and then returned to Charleston, remaining there until 1922. In 1922, he returned to Iowa, where he lived until his death in September 1936. He returned to Charleston for short visits in 1929, 1930 and 1936.

Mr. Selvy, who drew testator's will, testified that Mr. Canterbury did not manifest any uncertainty as to the *name* of the legatee, when he talked with him about the contents of the will. The witness testified:

"There was no uncertainty in the mind of the testator when he discussed the First Adventis Church. There was no particular discussion about the street address on Bigley Avenue although there were remarks made in regard to the location of the church. The decedent said 'the First Advent Church' and that there were two churches and he wanted to get the right one and decedent first said the church was on Randolph Street and also mentioned the Bigley Avenue Church in the same conversation".

At the conclusion of the conversation, the witness made a memorandum to aid him in drawing paragraph two of the will, writing thereon the name "First Advent Church, Randolph Street". Mr. Canterbury told him that the church was on Randolph street and that if there was any change he would call him on the telephone. Mr. Canterbury later called Selvy on the telephone, telling him the church was on Bigley avenue and the will was so drawn. The witness further stated:

"In all of my conversations with the decedent he never manifested any uncertainty or any doubt and from my observa-

tion he nominated the First Adventis Church of his own volition.''

Mr. Selvy was also called as a witness for appellant and testified that decedent called him back as much as three days later because he waited to draw the will until he heard from decedent and he said that he left the bequest to the church in Charleston, West Virginia, that was on Bigley avenue. The witness further stated:

''I understood the doubt and uncertainty was with reference to the location of the church. No question in my mind about that. That was the thing that he talked about and that is the thing he called me back about was the location of the church. I do not think he even mentioned the name of the church when he called me on the telephone.''

Odessa Romine, daughter of testator, testified that Mr. Canterbury and family regularly attended the First Adventis Church and occasionally attended Elmore Memorial Adventist Church; that Mr. Canterbury attended the Elmore Memorial Adventist Church when she substituted for the regular organist in the Elmore Church and possibly on other occasions. Several witnesses testified that Mr. Canterbury was a regular attendant at the First Advent Church.

The testimony of Loretta Canterbury, wife of testator, corroborates the testimony of Mr. Selvy that Mr. Canterbury was certain as to the name of the church to which he wanted to leave the legacy but was uncertain as to its location. Mrs. Canterbury testified that in July 1936 she and Mr. Canterbury made a trip by automobile to Charleston; that at this time he was in very poor health and she was with him constantly; that on Sunday, July 19, she and Mr. Canterbury attended the First Advent Church on Randolph street; that on this occasion and when they drove past said church a few days later decedent stated to her, on both occasions, ''that is where I intended—I intended that street instead of the other street, I got the name right but I haven't got the street right, you do what you can''.

The witness testified on cross-examination:

''We were in front of the First Advent Church at that time when he told me that was the church he was leaving his bequest to; that he had made a mistake in the street address.

He told me to correct this street address from Bigley Avenue to Randolph Street. He told me he wanted the statement different, He wanted it to go to the First Advent Church on Randolph Street instead of the Bigley Avenue Church."

The witness further testified:

"Before we went to Charleston Mr. Canterbury mentioned he had given a legacy in his will; he didn't say to the Bigley Avenue Church; he said he thought it was located on Bigley Avenue; he was never definite; it was only he thought; but it was the First Adventist Church in Charleston, West Virginia, he emphasized that, but he didn't emphasize the street it was on; he did say to me he had given a legacy to the First Adventist Church on Bigley Avenue in Charleston, West Virginia; he said he wanted his will to the First Adventist Church on Randolph Street; he wanted to change his will because he had seen the street; he had made a mistake in the location of the street."

When Mr. Canterbury returned to Charleston in 1936, he gave $50 for the benefit of a school maintained by the First Adventis Church.

There was a conflict in the evidence, and, this being an action at law tried to the court without a jury, the finding of the trial court that testator intended to and did designate appellee as legatee under paragraph 2 of his will is binding and conclusive on this court.

There was sufficient evidence to sustain the judgment and we are also of the opinion that the weight of the evidence is in favor of the appellee.—Affirmed.

MITCHELL, C. J., and all JUSTICES concur.