INDIANAPOLIS HOME FOR THE AGED, INC. *v.* ALTENHEIM
OF INDIANAPOLIS, ET AL.

[No. 18,001. Filed June 19, 1950. Rehearing denied September
12, 1950. Transfer denied October 27, 1950.]

Royse, C. J., and Crumpacker, J., not participating.

Wiltrout, J., dissents with opinion.

Emmert, C. J., and Gilkison, J., dissent on denial of Petition to Transfer to the Supreme Court.

*William G. Davis, John D. Cochran;* and *Baker & Daniels* (of counsel), all of Indianapolis, for appellant.

*Adolph G. Emhardt,* of Indianapolis, for appellees.

DRAPER, J.—The executor of the estate of William H. Coleman, deceased, brought this action to obtain a construction of the following bequest under item III of the will, viz: "To the Home for the Aged located at 2007 N. Capitol Avenue, Indianapolis, Indiana . . . $10,000.00."

The appellant Indianapolis Home for the Aged, Inc., and the appellee Altenheim of Indianapolis each filed answer asserting it was the legatee designated in the will. The court resolved the contest in favor of Altenheim of Indianapolis, and Indianapolis Home for the Aged, Inc. appeals.

Item III reads as follows:

"I give and devise to the following the amounts set out herein:

"To the William H. Coleman Hospital for Women, in Indianapolis, Indiana___$15,000.00

"To the Suemma Coleman Home located at 2044 N. Illinois Street, Indianapolis, Indiana _____$10,000.00

"To the Home for the Aged located at 2007 N. Capitol Avenue, Indianapolis, Indiana _____$10,000.00

"To the Second Presbyterian Church of Indianapolis, Indiana _____$5,000.00"

For a better understanding of the problem presented, it should be stated that, according to the undisputed evidence, the appellee has continuously owned and operated a home for the aged at 2007 North Capitol Avenue, in Indianapolis, since 1910, when it was incorporated. It assumed the name "The Altenheim of Indianapolis" in 1920, and it has ever since borne that name.

The appellant was organized in 1876. Its name since 1935 has been "The Indianapolis Home for the Aged, Inc." For more than sixty years it has owned and operated a home for the aged at 1731 North Capitol Avenue, in Indianapolis. Both are non-profit corporations.

By stipulation of the parties the trial court heard certain evidence with the understanding that if it were later deemed to be inadmissible, the objections thereto would be sustained and such evidence would not be considered. That evidence tended to prove that:

(a) the decedent was acquainted with, and expressed interest in the activities of, the Appellant and its officers;

(b) The decedent was a life member of the Appellant;

(c) the decedent had made at least one gift of $500.00 to the Appellant;

(d) the decedent expressed an intention of doing something more for the Appellant;

    (e)   the decedent had talked with the scrivener of his will concerning making this provision for the Appellant and that the scrivener was unaware that any home for the aged, other than Appellant, was located in the vicinity.

At the conclusion of the trial the court found there was no ambiguity in the will, and so rejected that evidence. The question presented is whether that evidence was admissible. We think it was admissible if the trial court erred in its conclusion that the will was unambiguous.

If, from an examination of the will, it could be said with certainty that the testator meant to designate the beneficiary under the third bequest by identifying the activities of the institution to be benefited and giving the address thereof, we would agree that there is no ambiguity in the will, and the appellee would unquestionably be entitled to take.

But an examination of the whole item leaves a doubt in that respect. It raises an uncertainty. Looking at the whole item, it might seem that the testator meant to designate the legatees therein named by the name of the institution to be benefited, rather than by a description of its activities. That conclusion might be reached, we think, by giving due consideration to the use of capital letters, and to the fact that the second bequest under the item is in no way descriptive of the activities of the beneficiary.

An ambiguity would not necessarily arise out of that situation, however, for there might be but one institution which could fit the language of the bequest whether the language be read and understood the one way or the other.

When the language of the will is attempted to be applied, however, the existence of the two claimants is discovered, at the addresses above mentioned. Further

undisputed facts develop further confusion. They reveal that the testator failed to exactly name either claimant in the third bequest. And it is further learned that he also failed to name with exactness the beneficiaries under the first two bequests under the item. The names used in each of the three bequests do, however, closely resemble the true name of an existing institution, and if he intended to designate the appellant in the third bequest, the name he used is approximately as accurate as the names used to designate the beneficiaries under the first two items.

If the testator was dealing in names, and not descriptions, a consideration of the names themselves might favor the appellant. It is known that the word "Altenheim" means "home for the aged" or "home for old people," yet "The Altenheim of Indianapolis" is a distinctive name, and it might well be supposed that if the testator meant to designate the beneficiary by name, he would have used the word "Altenheim" for that purpose, even though other words of the name were omitted. If, therefore, the testator meant to designate the beneficiary by name, it might seem likely that when he said "To the Home for the Aged," he meant "The Indianapolis Home for the Aged, Inc." and not "The Altenheim of Indianapolis."

But even though, in the light of the foregoing, it might be considered that the testator did mean to designate the beneficiary by name, and that he was thereby intending to benefit the appellant, uncertainty still remains because he further said "located at 2007 N. Capitol Avenue, Indianapolis, Indiana" at which place the appellee, and not the appellant, conducts a home for the aged.

Obviously, the words of the will are intended to designate only one beneficiary. Both claimants were not intended to take. Does the situation raise a latent

ambiguity? And if so, is evidence of the type rejected admissible to resolve it? The whole subject is exhaustively treated in an annotation in 94 A. L. R. at p. 26. Many cases there collected would seem to furnish an affirmative answer to both questions. See also *In re Canterbury's Estate* (1939), 226 Ia. 586, 284 N. W. 807, which presents a somewhat similar factual situation.

But we need not seek guidance from other jurisdictions. Applicable principles have been announced by our own Supreme Court. A latent ambiguity is one which first arises out of the language of the will when the words thereof are attempted to be applied to the object or subject which those words describe. As said in *Daugherty, Administrator* v. *Rogers* (1889), 119 Ind. 254, 20 N. E. 779:

> " '. . . It may often happen that persons or things, or the intention of the testator respecting them, may seem to be sufficiently defined by the terms of the will, and yet when the language employed, and the facts to which it refers, are brought in contact with each other, the language and the facts are so inharmonious as to leave the intention of the testator obscure. Thus an ambiguity arises, not upon the face of the will itself, but from facts therein referred to which are extrinsic to the instrument. This, according to the maxim of Lord Bacon, constitutes the every essence of a latent ambiguity, which he defines to be 'that which seemeth certain and without ambiguity for anything that appeareth on the deed or instrument; but there is some collateral matter out of the deed that breedeth the ambiguity.' *Hawkins* v. *Garland*, 76 Va. 149 (44 Am. Rep. 158).
>
> " 'An ambiguity which arises not upon the words of the will, deed, or other instrument, as looked at in themselves, but upon those words when applied to the object or to the subject which they describe,' is a latent ambiguity. 1 Am. and Eng. Encyc. of Law, p. 530, and note."

And so in this case, when an attempt is made to fit the language of the will to either of these institutions, it seems that neither exactly fits that language, but each might be considered to fit it in part. So if the court can go no further, it would be impossible to determine which of these claimants was entitled to take, and the intention of the testator would be defeated.

But Judge Mitchell further said in the case from which we just quoted:

"Whenever, therefore, in applying a will to the objects or subjects therein referred to, extrinsic facts appear which produce or develop a latent ambiguity, not apparent upon the face of the will itself, since the ambiguity is disclosed by the introduction of extrinsic facts, the court may inquire into every other material extrinsic fact or circumstance to which the will certainly refers, as well as to the relation occupied by the testator to those facts, to the end that a correct interpretation of the language actually employed by the testator in his will may be arrived at."

If, in fact, the address given in the will was merely descriptive of the legatee, and it was erroneous, it may be disregarded if, after rejecting the errors or false words, enough remains to show with reasonable certainty who was intended. *Hertford* v. *Harned* (1916), 185 Ind. 213, 113 N. E. 727; *Pate* v. *Bushong* (1903), 161 Ind. 533, 69 N. E. 291.

It is, of course, true that "the construction must come from the will and not the will from the construction." The circumstances under which evidence of the kind under consideration is admissible, and the reasons for admitting it under those circumstances are so well stated in *Daugherty, Administrator* v. *Rogers,* and *Hertford* v. *Harned, supra,* that

it would serve no good purpose to dwell upon that subject.

We think that evidence of the type rejected, and other like evidence, if any there is, offered by either party, should be admitted for the purpose of correctly interpreting the language actually employed by the testator in his will.

Reversed and remanded with instructions to sustain appellant's motion for new trial.

Royse, C. J., and Crumpacker, J., not participating.

Wiltrout, J., dissenting.

## DISSENTING OPINION

WILTROUT, J.—I am unable to agree with the majority that the will involved here contains a latent ambiguity.

The will before us is not ambiguous in respect to whether the Home for the Aged located at 2007 N. Capitol Avenue, Indianapolis, Indiana, that is, the appellee The Altenheim of Indianapolis, is the legatee. Said appellee exactly fits the description in the will, and when applied to it none of the language is false, erroneous, or surplusage.

The will having declared the clear, paramount, and ruling intention of the testator that the home for the aged located at the address named in the will should take, the fact that the testator labored under a mistake, if indeed he did, as to the particular home involved, would not affect the construction of the will. *Rodarmel* v. *Gwinnup* (1931), 92 Ind. App. 684, 173 N. E. 327.

The Supreme Court in *Peirce* v. *Farmers State Bank of Valparaiso* (1944), 222 Ind. 116, 51 N. E. 2d 480, quoted with approval the following language from 4 *Page on Wills* (3rd Ed.), § 1627:

"Accordingly, where the language of a will has a definite meaning, as interpreted by the rules of

construction, and applies without ambiguity, to the beneficiary and property in existence, extrinsic evidence is not admissible to attempt to show that it does not express the testator's true intent."

A court has no authority to make a will. It may not admit extrinsic evidence to add to, vary, or eliminate the terms of a will as written. *McConnell* v. *Robbins* (1923), 193 Ind. 359, 140 N. E. 59; *Rapp* v. *Reehling et al.* (1890), 124 Ind. 36, 23 N. E. 777.

The intention of the testator to be ascertained is not that which existed in the mind of the testator, but the intention as embodied in and obtained from the language of the will itself. The real inquiry is not what the testator intended to express, but what the words do express. *Thomas* v. *Thomas et al.* (1886), 108 Ind. 576, 9 N. E. 457; *Grise, Admr.* v. *Weiss, Admr.* (1937), 213 Ind. 3, 11 N. E. 2d 146; *Wolf* v. *Wolf* (1920), 73 Ind. App. 221, 127 N. E. 152; *Rodarmel* v. *Gwinnup, supra; Martin* v. *Raff* (1944), 114 Ind. App. 507, 52 N. E. 2d 839. As stated in *McConnell* v. *Robbins, supra:* "It is not, What did he mean? but, it is, What do his words mean?"

In *Rodarmel* v. *Gwinnup, supra,* this court quoted the following from I *Page on Wills* (2d Ed.), § 809, p. 1370:

"The court can not begin by inferring testator's intention, and then construe the will so as to give effect to this intention, however probable it may be nor can it rewrite the will, in whole or in part, to conform to such presumed intention."

In the same opinion the court quoted from 2 Schouler, *Wills* (6th Ed.), p. 975, § 859:

"In other words, the plain and unambiguous words of the will must prevail and cannot be controlled or qualified by any conjectural or doubtful constructions growing out of the situation, circum-

stances or condition of the testator, his property or the natural objects of his bounty."

The extraneous evidence upon which appellant relies is not calculated to supply deficiencies in an ambiguous will. Rather it is to change the legal effect of a will that is unambiguous. In the light of the rules of law and precedents by which we are bound, I think the judgment should be affirmed.

NOTE.—Reported in 93 N. E. 2d 203.