## McIntire and Others *v.* Cross and Others.

The course of the descent of an estate to the heirs at law can only be interrupted by a devise to some other person, whatever may have been the intention of the ancestor.

ERROR to the *Jefferson* Circuit Court.

SMITH, J.—This suit was commenced by a petition for partition. The petition alleges that *John McIntire* died intestate, in *May*, 1850, seized of certain lands which are described, and leaving the petitioners, who are his grandchildren, and other children and grand-children who are made defendants, his heirs at law.

Several pleas were filed, the first of which was pleaded jointly by all the defendants.

The record shows that an order of partition was made, to which all the parties consented, waiving all errors except such as may have been made by the Court, if any, in sustaining a demurrer to the first plea, but retaining the right to appeal or bring the case up to this Court by writ of error, so far as the said first plea is concerned.

That plea avers that the said *John McIntire*, before his death, made and published a will, which was afterwards duly proved, and is in the following words:

" State of *Indiana, Jefferson* county, ss. Whereas I, *John McIntire*, of the county aforesaid, with *Eliza McIntire*, my wife, by deed dated the 1st day of *January*, 1835, and which is recorded in the recorder's office of said county, in deed-book, pages 21 and 22, did grant and con-

vey to *John McIntire Cross, Truman Hamilton Cross, Edward Cross,* and *Samuel Taylor Cross,* children of *Samuel T. Cross* and *Emily Cross,* deceased, formerly *Emily McIntire,* my daughter, the following piece or parcel of land situate, lying, and being in the county aforesaid, being 55 acres, more or less, part of the south-west quarter of section 34, in township 4, in range 10, which is more particularly described and set forth in said deed, for and in consideration of the natural love and affection which I bore towards said children as the children of my daughter, and for no other consideration whatever, and with the intention of advancing said children the proportion of my estate which I intended they should have as heirs or distributees of my estate after my decease, and in lieu of every such right or claim; now I, the said *John McIntire,* being desirous more fully, completely, and certainly, to secure and convey into full effect my said intention, and the true intent and object of the said deed of conveyance, and to prevent and silence all further claims on the part of said children, or any of them, or any person claiming through or by them, or any of them, to any part of the estate, real or personal, which I may die possessed of, or have a right to in any way whatever, and to avoid all litigation about the same, do, as to this, make, ordain, and publish the following as my last will and testament—that is to say: That the said *John McIntire Cross, Truman Hamilton Cross, Edward Cross,* and *Samuel Taylor Cross,* children of my late daughter, *Emily Cross,* as aforesaid, nor their heirs or legal representatives, nor any of them, nor any other person or persons who may claim by or through any of them, are to, nor shall any or either of them have or inherit any further or other part or portion of the real or personal estate, of whatever name or nature it may be, which I may leave at the time of my decease, but that the property deeded to them as before-mentioned, in manner and form as therein expressed, shall be taken and considered as their full share of all my estate, both real and personal, of every kind and description, which they might otherwise have a claim to, as the children of my

Nov. Term,
1852.

McINTIRE
v.
CROSS.

said daughter, *Emily*, after my decease. In witness where-of," &c.

The question now presented to us for decision is, whether the petitioners, who are the children of *Emily Cross* mentioned in this will, are barred by the will from setting up a claim to have partition of the real estate of the said *John McIntire*, deceased, as heirs at law.

It is very clear that the will was made with the express intention of preventing them from setting up such a claim, if we can ascertain the intentions of the deceased from that instrument. Certainly such an intention could not well be expressed in stronger language. But it is equally clear as a point of law, that the course of the descent of an estate to the heirs at law can only be interrupted by a devise to some other person, whatever may have been the intentions of the ancestor. See *Clendenning* v. *Oliver's* executors, at this term (1).

Here there is no devise to any person, nor is there any person mentioned in the will in whose favor a devise by implication can by any possibility be construed. That instrument, therefore, can only be regarded as a written statement of the intentions of the maker, that the petitioners should have no other portion of the estate than that which he had before given to them, and it can have no greater force than any other statement which he might have made during his lifetime to the same effect. He professes to make a will, but in fact does not, for he suffers all his estates to descend according to the law of descents, which he should not have done if he desired to make a different disposition of them.

We think, therefore, the demurrer to the plea was correctly sustained.

*Per Curiam.*—The judgment is affirmed with costs.

*J. D. Bright* and *J. W. Chapman*, for the plaintiffs.

*J. G. Marshall*, for the defendants.

(1) See *ante*, p. 441.