FAIR SHARE ORGANIZATION, INC., ET AL. *v.* NAGDEMAN & SONS.

[No. 20,018. Filed October 22, 1963. Rehearing denied November 18, 1963. Transfer denied February 25, 1964.]

*Hilbert L. Bradley,* of Gary, for appellants.

*John L. Podresky, Owen W. Crumpacker, Richard P. Komyatte* and *Crumpacker, Burbach & Abrahamson,* all of Hammond, for appellee.

PER CURIAM.—This is an appeal from a judgment in the Newton Circuit Court whereby appellants were permanently enjoined, on March 21, 1963, from picketing the premises of appellee's place of business.

The record discloses that appellee, Philip Nagdeman & Sons, Inc., filed its complaint seeking injunction on August 11, 1962. Appellants, on August 17, 1962, entered a general appearance and filed an answer. The cause was then venued to Newton County from Lake County. The cause was tried before the court without the intervention of a jury. On March 21, 1963, the trial court entered its findings of fact and conclusions of law; and thereupon, the court entered judgment in favor of appellee.

The record shows that appellants did not file a motion for new trial with the trial court. Appellants in-

stead instituted this appeal by filing an assignment of errors which, omitting the formal parts, is as follows:

"1. The court erred in granting a permanent injunction of March 21, 1963.

2. The court erred in failing to enter of record special findings of fact as a condition precedent to granting the permanent injunction, as provided by the Anti-Injunction Statute, Section 40-507.

3. The court erred in failing to enter of record special findings of fact that the appellant corporation either participated in, actually authorized, or ratified after actual knowledge, any unlawful acts of individual officers, members or agents, as provided by the Anti-Injunction Statutes, Sections 40-506—40-507.

4. The court erred in failing to enter of record special findings of fact that appellee complied with all obligations imposed by law involved in the labor dispute, or made every reasonable effort to settle such dispute either by negotiation or with the aid of any available governmental machinery of mediation or voluntary arbitration, as provided by the Anti-Injunction Statute, Section 40-508.

5. The court erred in its conclusion of law No. 1.

6. The court erred in its conclusion of law No. 2.

7. The court erred in its conclusion of law No. 3."

Appellee urges, in a motion to dismiss or, in the alternative, to affirm, that since no motion for new trial was filed, no question is presented in this appeal.

With this contention we must agree. See *Lepsch* v. *Marlowe* (1963), 135 Ind. App. 35, 189 N. E. 2d 116; *Summers* v. *Summers* (1961), 134 Ind. App. 77, 178 N. E. 2d 69. *State (ex rel. Foster)* v. *Swarts and Others* (1875), 9 Ind. 221; *B. S. Pearsall Butter Company* v. *Gibbon et al.* (1922), 78 Ind. App. 308, 135 N. E. 492.

Supreme Court Rule 2-6 provides, in part, as follows:

"In all cases in which a motion for a new trial is the appropriate procedure preliminary to an appeal, such motion shall be filed and shall separately specify as grounds therefor each error relied upon however and whenever arising up to the time of filing of such motion, and an assignment of error on appeal to the effect that the trial court erred in overruling said motion shall be the only means of raising said asserted errors on appeal. In all other cases and in cases of asserted errors arising subsequent to the filing of the motion for a new trial, such asserted errors may be assigned independently. Adopted as amended June 28, 1960. Effective September 1, 1960, and shall apply only to cases filed on or after such effective date."

Appellants contend, however, that alleged errors of the trial court in making special findings of fact may be independently assigned as error. We do not agree with this contention. In 1949, Supreme Court Rule 2-6 read, in part, as follows:

"If, in the trial court, a motion for a new trial is filed, each error relied upon, however and whenever arising up to the time of the filing of said motion, may be separately specified therein as a ground therefor, and an assignment of error to the effect that the trial court erred in overruling said motion shall be sufficient to raise said asserted error on appeal. Errors which now must be assigned independently may still be so assigned if desired." [Adopted April 17, 1940. Effective September 2, 1940. Amended and effective November 30, 1949.]

Our Supreme Court, in the case of *Bays* v. *State of Indiana* (1959), 240 Ind. 37, 159 N. E. 2d 393, *cert. denied* 361 U. S. 972, in discussing the 1949 Rule, said:

"Prior to the adoption of the above rule it was permissible to independently assign many errors in the proceeding which preceded the filing of a motion for new trial. However, the rule as changed requires that, in all proceedings where a trial is

had and motion for new trial is contemplated, such errors shall be specified as a ground for new trial. The chief reason for requiring that such errors be set forth as causes in a motion for new trial is that the trial judge have a chance to review the subject matter complained of and correct the error, if any, by granting the motion for new trial prior to appeal. . . . "

Subsequently, the rule announced in the *Bays* case was incorporated into Rule 2-6 by amendment effective September 1, 1960, as set forth above.

Thus, it is now clear that all errors occurring prior to the time for filing a motion for new trial must ■ be specified as a ground for new trial whenever the motion is appropriate.

However, appellants cite the case of *Greenwell* v. *Cunningham et al.* (1947), 118 Ind. App. 251, 76 N. E. 2d 684, and *State ex rel. Taylor et al.* v. *Circuit Court of Marion County, Niblack, Judge* (1959), 240 Ind. 94, 162 N. E. 2d 90, as upholding the contention that a jurisdictional defect may be assigned as independent error.

The *Taylor* case, *supra,* involved an original action for writ of mandate and prohibition in the Supreme Court. The writ issued because a restraining order issued by the respondent court was wholly void.

However, the instant case has been before our Supreme Court on a petition for writ of mandate and the court indicated that the judgment below is not void and merely its correctness or lack of correctness was in issue. See *State ex rel. Fair Share Organization, Inc.* v. *Newton Circuit Court* (1963), 244 Ind. 112, 191 N. E. 2d 1.

In *Greenwell* v. *Cunningham, supra,* the court indicated by dicta that if a judgment is void through lack of jurisdiction over the subject matter, the legality of the

judgment may be assigned as independent error. Appellants, however, do not contend that the judgment is wholly void through lack of jurisdiction over the subject matter. The assigned errors, instead, go to the sufficiency of the findings of fact and errors in conclusions of law. Nor, in light of the Supreme Court decision, do we think the possibility of a wholly void judgment is present. The cases cited by appellants, then, are not applicable.

The errors assigned should have been made grounds for a motion for new trial.

It becomes apparent that appellants have failed to comply with the provisions of said rule.

Therefore, appellants' assignment of error presents no justiciable question to this court and the judgment of the trial court is affirmed.[1]

NOTE.—Reported in 193 N. E. 2d 257.

---

1. We are unable to agree that the unique state of facts set forth in the briefs in the instant case constitutes a labor dispute under our Anti-Injunction statute in Indiana. §40-501, et seq. Burns' 1952 Replacement. Contrariwise, we would suggest that the said alleged facts in this case may involve civil rights and constitutional questions.