EDWARDS *v.* WYLLIE ET AL.

[No. 30,703. Filed December 23, 1964. Rehearing denied March 11, 1965.]

*Joseph T. Helling,* and *Crumpacker, May, Levy & Searer,* of South Bend, for appellant.

*Douglas D. Seely, Jr., Roland Obenchain, Jr.,* and *Jones, Obenchain, Johnson, Ford & Pankow,* of South Bend, for appellees.

MYERS, J.—This action was brought by a group of neighbors to enjoin the owners of certain lots in a subdivision in South Bend, Indiana, from using their property for commercial purposes on the ground that such use created a nuisance and was a violation of private restrictive covenants applicable to that land. The issues were formed by a complaint in two paragraphs and separate answers in denial by appellant. Pursuant to request by appellant, the court made special findings of fact and conclusions of law after trial was held without a jury. A judgment in four paragraphs was entered in favor of appellees, which reads as follows:

"IT IS, THEREFORE, ORDERED, ADJUDGED, AND DECREED by the court as follows:

"1. That the defendant, R.M. Edwards, is hereby enjoined from making any addition to or alterations of the existing structure on Lots 19 and 20 in Coquillard Woods, Section A, South Bend, Indiana, which would substantially alter said structure's present appearance and characteristics.

"2. The defendant, R.M. Edwards, is further enjoined from making any use of the lot area, not covered by the existing structure, for any purposes not heretofore used in conjunction with the last commercial operation.

"3. The defendant, R.M. Edwards, is further enjoined from making any use of said lots for providing off-street parking facilities, but said defendant may use the land for delivery and parking purposes within the area of said lots to the extent that it was formerly used in connection with the last prior commercial enterprise.

"4. The defendant, Erna A. Busse, having no legal interest in said Lots 19 and 20, the court finds for said defendant upon the issues formed by the pleadings herein.

"Dated this 22 day of May, 1961."

Appellant filed exceptions to Conclusions of Law numbered 1, 3, 4, 5 and 6. Later, he filed a motion for new trial which stated only two grounds: (1) The decision of the court was not sustained by sufficient evidence; (2) the decision of the court was contrary to law. This motion was overruled by the court. This appeal followed.

The assignment of errors presented by appellant is as follows:

"1. The court erred in overruling appellant's motion for a new trial.

"2. The court erred in his conclusion of Law No. 1.

"3. The court erred in his conclusion of Law No. 5.

"4. The court erred in his conclusion of Law No. 1 contained in his order on the motion for new trial.

"5. The court erred in his conclusion of Law No. 2 contained in his order on the motion for new trial."

It is to be noted that Assignments numbered 2 and 3 are presented as independent assignments of error. The last paragraph of Supreme Court Rule 2-6, as amended in 1960, reads as follows:

"In all cases in which a motion for a new trial is the appropriate procedure preliminary to an appeal, such motion shall be filed and shall separately specify as grounds therefor each error relied upon however and whenever arising up to the time of filing of such motion, and an assignment of error on appeal to the effect that the trial court erred in overruling said motion shall be the only means of raising said asserted errors on appeal. In all other cases and in cases of asserted errors arising subsequent to the filing of the motion for a new trial, such asserted errors may be assigned independently."

Under the provisions of this Rule, as amended, all

errors occurring prior to the filing of a motion for new trial must be set out in the motion for new trial. Assignment of the overruling of this ▪ motion is "the only means of raising said asserted error on appeal." The reason for this amendment was to enable a trial court in an action tried without a jury, by motion for new trial, to review and correct errors which may have taken place before, during and after the trial. This includes the right of the court to open a judgment, hear additional testimony, amend findings of fact and conclusions of law, or make new findings and conclusions, and even to direct the entry of a new judgment. Supreme Court Rule 1-8.

In regard to the amendment to Rule 2-6, Flanagan, Wiltrout and Hamilton, Indiana Trial and Appellate Practice, 1963 Pocket Part Supplement, Comment 1, §1733, page 115, has the following to say:

> "By reason of a 1960 amendment of Rule 2-6 all errors arising prior to the filing of a motion for new trial must be made grounds of such motion or they will be waived. Therefore, where a motion for new trial is filed, errors in conclusions of law must be made grounds thereof and may not be assigned independently."

This has been held specifically by the Appellate Court in the case of *Fair Share Organ., Inc.* v. *Philip Nagdeman & Sons, Inc.* (1963), 135 Ind. App. 610, 193 N. E. 2d 257.

Having failed to include numbers 2 and 3 of the Assignment of Errors in the motion for new trial, appellant has waived them. Thus, we cannot consider whether the court erred in arriving at Conclusions of Law numbered 1 and 5.

Appellant argues that the court erred in Conclusions of Law numbered 1 and 2 "contained in his order on

the motion for new trial." (Assignment of Errors numbered 4 and 5.) If available, they could have been presented as independent assignments of error under Rule 2-6 since they followed the time of filing the motion for new trial. However, upon reading the court's "Order on Motion for New Trial," we find that the court overruled appellant's motion with an opinion explaining why he did so. He says appellant's motion presents two questions which he proceeds to answer, citing authorities. The answers to these questions cannot be considered as "Conclusions of Law," but only an explanation by the court for his action taken in overruling the motion for new trial. This written memorandum has no place in the record, but may be considered on appeal in order to determine the meaning and effect of the trial court's decision. *Merchants Ntl. Bk. & Tr. Co.* v. *Winston et al.* (1959), 129 Ind. App. 588, 159 N. E. 2d 296.

This leaves us with the errors assigned in the motion for new trial. Appellant claims that the decision of the court is not sustained by sufficient evidence. This ground has been waived because appellant admits and takes no issue with the court's findings. They are accepted by him in his Reply Brief wherein he says:

"The Appellant takes no issue with the court's findings and they are accepted as correct for the purposes of this appeal."

It is next argued that the specification contained in the motion for new trial that the decision is contrary to law "presents all of the issues thereby tendered in this appeal." It has been held many times that only where the evidence is without conflict and leads to but one reasonable conclusion and the trial court has reached a contrary conclusion the decision will be disturbed as being contrary to law. Flana-

gan, Wiltrout and Hamilton, Indiana Trial and Appellate Practice, 1963 Pocket Part Supplement, Comment 6, §1812, pp. 127, 130.

Appellant here has admitted that the special findings of fact correctly reflect the evidence in this case. Finding No. 41 reads as follows:

"41. That if the defendants are permitted to proceed with the proposed erection, establishment, and operation of said commercial enterprise, plaintiffs will suffer substantial and irreparable harm in the offensive noise and smells which will eminate from said property, vehicular and pedestrian traffic will be increased, the property values of the plaintiffs' adjoining property will decrease, and the use and enjoyment of the homes and yards of the plaintiffs will be adversely affected."

This finding was based upon rhetorical paragraph 12 of the second paragraph of complaint, which reads as follows:

"12. That, if defendants are permitted to proceed with the proposed erection, establishment and operation of said commercial enterprise, plaintiffs and all other similarly situated will suffer substantial and irreparable harm in that offensive noises and smells will emanate therefrom, vehicular and pedestrian traffic will be increased, adjoining property values will decrease, the use and enjoyment of homes and yards will be adversely affected, particularly in the summer-time, obnoxious insects, rodents and vermin will be attracted to the vicinity."

And the defendants' answer thereto, which reads as follows:

"They deny the allegations in Paragraph 12."

This ground for injunction having been placed in issue, the court's finding thereon was sufficient to entitle appellees to an injunction decree. 16 West's Ind. Law Ency., Injunction, Ch. 2, §13, p. 11, and authorities cited. Appellant, having accepted

the findings of fact as correct, cannot now take the position that the evidence shows conclusively that he was denied relief to which he was entitled. Thus, the decision was not contrary to law.

In view of the result we have reached, it is not necessary for us to consider the question of the application of the private restrictive covenants in this case.

Judgment affirmed.

Arterburn, C. J., and Achor and Landis, JJ., concur.

Jackson, J., concurs in result.

NOTE.—Reported in 203 N. E. 2d 200.