FAGEL, ETC. *v.* FAGEL ET AL.

[No. 20,501.   Filed April 28, 1967.   Rehearing denied May 23, 1967.]

*Terry and Graebe,* of Shelbyville, *Alan Lobley* and *Ice, Miller, Donadio & Ryan,* of Indianapolis, for appellants.

*James A. Emmert, Jack R. Wood, George W. Barger,* and *Emmert & Robison,* of Shelbyville, for appellees.

PRIME, J.—This case is an appeal from the trial court which rendered a judgment construing the will of Frank W. Fagel, deceased.

The issues were the construction of the will and to determine who were the proper heirs to inherit intestate or residuary property not disposed of in the will.

Frank Fagel made his will dated March 8, 1958. He made a codicil to the will on September 21, 1960.

To properly present the questions involved we set out the will and codicil.

## "WILL OF FRANK W. FAGEL."

"I, Frank W. Fagel, now residing at number 835 South Harrison Street, in the City of Shelbyville, Indiana, hereby make, publish and declare this to be my last will and testament, as follows:

### ITEM ONE

I direct the payment of all my just debts including expenses of last illness and burial, out of my personal estate.

### ITEM TWO

I will, give, devise, and bequeath to my wife, Frances Fagel, the dwelling house and real estate located at number 835 South Harrison Street, all of the household goods and furnishings therein, and the sum of Forty Thousand ($40,-000.00). The within provision for my said wife shall be in full and in lieu of all her rights and interests in my estate under the laws of Indiana. It is my intention by this item to void the pre-marital agreement formerly made and that the provisions of this item take the place of the amount or amounts mentioned in said pre-marital agreement, but not to be considered in addition thereto.

### ITEM THREE

I will and bequeath to my sister, Anna Fagel, and to my brother, August Fagel, each the sum of Eight Thousand Dollars ($8,000.00).

### ITEM FOUR

I give, and bequeath to my nephews and nieces, August E. Small, Edward A. Small, George M. Small, Robert Small, Herbert D. Small, Dorothy Robbins, Mary Brown, Russell S. Small, Ermel Small, Evelyn Page, Henrietta Bennett, and Lothair Small, each the sum of Three Thousand Dollars ($3,000.00).

### ITEM FIVE

I give and bequeath to Louise Fagel the sum of One Thousand Dollars; to Anna Marie Townsend the sum of One Thousand Dollars; to Paul Snider and Nerva Snider, his wife, jointly, the sum of Five Thousand Dollars and to Earl Snider and his wife, jointly, the sum of Five Thousand Dollars.

## ITEM SIX

I give and bequeath to Indiana Medical Center for the use of Riley Hospital for Children of Indianapolis, Indiana, One Thousand Dollars.

## ITEM SEVEN

I give and bequeath to Evangelical Methodist Church of Shelbyville, Indiana, the sum of One Thousand Dollars.

## ITEM EIGHT

I give and bequeath to Forest Hill Cemetery of Shelbyville, Indiana the sum of Six Hundred Dollars, in trust, the income of same to be used for the upkeep of the Frank W. Fagel burial lot.

## ITEM NINE

All estate, inheritance and succession taxes shall be paid out of the remainder of my estate so that none of the bequests herein shall be diminished by said taxes.

## ITEM TEN

I hereby nominate and appoint my said wife, Frances Fagel, as the executrix of this will. I request the employment of Sumner Terry, as counsel to settle my estate.

IN WITNESS WHEREOF, I have hereunto set my hand and seal the 8th day of March, 1958.

/s/ Frank W. Fagel (SEAL)"

## "CODICIL TO WILL OF FRANK W. FAGEL"

"I, Frank W. Fagel, of 835 South Harrison Street, Shelbyville, Indiana, having executed my last will on the 8th day of March, 1958, and desiring to make an addition to said will, do now hereby make, publish and declare this to be a codicil thereto, as follows:

## ITEM ONE

The legatee Herbert D. Small, mentioned in Item Four of said will having passed away recently, I do now give, demise and bequeath to his children, in equal shares, the sum of Three Thousand Dollars in cash, being the part and share of my estate given to said Herbert D. Small in said item of my will.

## ITEM TWO

In all other respects I do now hereby reaffirm the provisions of my said last will.

IN WITNESS WHEREOF, I have hereunto set my hand and seal the 21st day of September, 1960.

/s/ Frank W. Fagel (SEAL)"

The testator left as survivors his wife, Frances Fagel, and other heirs mentioned in the will. There were no children.

The heirs, other than the wife, filed a petition to construe the will and praying that they be declared the only heirs to share in the residual property not disposed of in the will and that the widow take nothing except as set out in Item Two.

The court after hearing the matter made special findings and conclusions of law. The pertinent conclusions are as follows:

"That Frances Fagel, as widow of Frank W. Fagel, deceased, only takes the gifts set out in Item 2 of the Last Will of said decedent so long as said widow does not renounce said provisions and elect to take against the Will of said decedent."

"That the heirs at law and next of kin of Frank W. Fagel, deceased as set out in Finding No. 12 herein, exclusive of Frances Fagel, his widow, should take all of the property of said decedent, plus the rents and profits and income therefrom during administration, in the shares and interests provided by the intestate provisions of the Probate Code of 1953."

The court then rendered judgment as follows:

"It is, therefore, considered and adjudged that the heirs at law of the decedent, Frank W. Fagel, are as set out in the finding of fact No. 12, incorporated herein as therein set out by reference; that said heirs take all the residue and remainder of the estate of the decedent in accordance with the laws of the State of Indiana, except that which is disposed of under the last will and testament and the codicil thereto of the decedent; that the petitioners herein recover costs."

The defendants, Frances Fagel and Frances Fagel Executrix filed their motion for a new trial as follows:

"Comes now the defendants, Frances Fagel and Frances Fagel as Executrix of the Estate of Frank W. Fagel, Deceased, and move the Court for a new trial on each of the following grounds:

1. The decision is not sustained by sufficient evidence.

2. The decision is contrary to law.

WHEREFORE, the defendants, Frances Fagel and Frances Fagel as Executrix of the Estate of Frank W. Fagel, Deceased, pray that a new trial be granted."

The motion for new trial was overruled and such ruling is assigned as error.

Both parties to this appeal devote considerable space and argument to the existence and force of an ante-nuptial agreement which was entered into between Frank and Frances Fagel. There was such an agreement executed and it was in the record. The record shows that it was destroyed by the two parties at some stated time which is in dispute. However, after all the contentions had been aired, it was conceded that since the widow elected to take under the will, the ante-nuptial agreement was of no effect. Therefore we will not concern ourselves with any discussion of the same except to say that the record shows an ante-nuptial agreement existed, that it was destroyed at some time, and that it has no bearing here unless the widow had elected to not take under the will. This she did not do. Therefore the questions of interpretation and significance of said agreement will not be discussed here.

The question to be decided narrows itself to this:

Shall the widow, Frances Fagel, share in property left by Frank Fagel, which was undisposed of in his will, or is she limited to what she received in Item Two (2)?

It is conceded that there was considerable estate over and above that devised in the will.

The Appellant, Frances Fagel, contends that she should take all property in the estate which is not given or devised to other persons.

The Appellees, who are the brothers and sisters and heirs of deceased brothers and sisters, contend that they should take all residual property and that Frances Fagel take only that given to her in Item Two (2) and no more.

The section of the code which governs here is Ind. Ann. Statutes, Sec. 6-307, Burns' Rep. (1953) and reads:

"When a surviving spouse makes no election to take against the will, he shall receive the benefit of all provisions in his favor in the will, if any, and *shall share* as heir, in accordance with the provisions of sections 201 [§ 6-201] and 202 [§ 6-202] hereof, *in any estate undisposed of by the will.* The surviving spouse shall not be entitled to take any share against the will by virtue of the fact that the testator made no provisions for him therein, except as he shall elect pursuant to this code. By taking under the will or consenting thereto, he shall not thereby waive the rights of homestead, or to a widow's or family allowance, unless it clearly appears from the will that the provision therein made for him was intended to be in lieu of such rights. [Acts 1953, ch. 112, § 307, P. 295.]" (Our Emphasis)

Following this Section in Burns' are Commission Comments in reference to the Model Probate Code:

"The first sentence of this section is in accord with the general rule that mere expressions in a will of an intent to disinherit an heir do not exclude him from an inheritance; there must be an effective devise of the entire estate to someone else."

In the case before us there is no disposition of the residual estate to anyone. It follows therefore, that this property must descend to the heirs of the testator as their interest may appear.

In order to disinherit an heir, the testator must make a devise to others. *McIntire* v. *Cross* (1852), 3 Ind. 444; *Thomas* v. *Thomas* (1886), 108 Ind. 576, 9 N. E. 457.

In our opinion there is no quetion that Item Two of the will limits the widow with respect to the property mentioned in the will. Our problem here is to determine who receives the property not mentioned in the will. Since the testator did not distribute such property in his will we must state that all of this undisposed property must be controlled by the canons of descent.

Whatever the intention of the testator was in regard to his widow, there is nothing in the will which vests the remainder.

"The controlling fact is, not the emphasis with which he may have declared his purpose to exclude the Appellant, but that he wholly failed to devise the estate so as to vest the remainder in fee in anyone, thus leaving it to be controlled by the canons of descent." *Thomas* v. *Thomas, supra.*

". . . but it is equally clear as a point of law, that the course of descent of an estate to the heirs at law can only be interrupted by a devise to some other person, whatever may have been the intentions of the ancestor." *McIntire* v. *Cross, supra.*

The Appellees urge that the widow's election to take under Item Two (2) bars her from claiming any other property and that she is disinherited as to all of decedent's estate not given by said item. If all the estate had been devised in the will we would agree with this interpretation but here we are concerned with property which is not given to anyone in the will.

The testator having failed to dispose of the remainder of the estate either by deed or will, that remainder was an intestate estate.

"Suppose a man die . . . having made a will bequeathing a small portion of his estate to a friend, there being a large residium undisposed of. Shall the surviving wife not take it under the section quoted because of the bequest? As before remarked, we think that in such case the surviving wife should be held entitled to the property so far as it was not otherwise disposed of by a will. *Armstrong* v. *Berreman, Adm.* (1859), 13 Ind. 442."

"So far as the property was undisposed of by the will the deceased may be said to have died intestate." *Armstrong* v. *Berreman, supra.*

"The widow having failed to exercise the power given her to dispose of the remainder of the estate after her life estate, either by deed or by will, the same was wholly undisposed of—it was an intestate estate. There being no child and no father or mother surviving, the widow took the whole of the property of which her husband died intestate as his heir. This has been the law since the decision of the Supreme Court in *Armstrong* v. *Berreman* (1859), 13 Ind. 422." *Johnson, et al.* v. *Snyder, et al.* (1924), 82 Ind. App. 215; See also: *Waugh, et al* v. *Riley* (1879), 68 Ind. 482; *Lindsay* v. *Lindsay* (1874), 47 Ind. 283; *Guipe* v. *Miller* (1932), 94 Ind. App. 314, 180 N. E. 760.

Since there is no effective devise of the remainder estate we hold that the widow should share in this estate as the heir of Frank Fagel, deceased, as provided by Burns' Indiana Statutes § 6-201-2.

The court having erroneously concluded that Frances Fagel was entitled to only that portion set off to her under Item Two (2), this judgment is reversed.

Judgment reversed.

Cooper, C. J., Carson, J., concur.

Faulconer, J., dissents with opinion.

DISSENTING OPINION.

FAULCONER, J.—I must dissent from the majority opinion which reversed the judgment on the merits for the reason that, in my opinion, no error is properly before this court.

Appellants' motion for new trial contains two specifications, 1) the decision is not sustained by sufficient evidence, and 2) the decision is contrary to law. The only assignment of error is the overruling of the motion for new trial.

Appellants' argument is limited to finding No. 10 and conclusion of law No. 5.

Finding No. 10, which appellants argue is not sustained by sufficient evidence, reads as follows:

"That after the execution of the codicile as above stated, Frank W. Fagel, in the presence of his wife, Frances Fagel, tore up the papers constituting the antenuptial contract between the parties."

However, appellants admit that the evidence shows that the antenuptial contract was torn up by Frank W. Fagel in the presence of Francis Fagel but contends the evidence conclusively shows this was done prior to the execution of the codicil. Appellants fail to state or cite any authority wherein this fact would prejudice their cause or be reversible error under this section of their argument. In my opinion any error in finding No. 10 is waived and, even if considered error, was not shown to be reversible error.

An error in conclusion of law No. 5—limiting Frances Fagel to the gift set out in Item II of the last will of the decedent—has, in my opinion, been waived by appellants' failure to specify such error as a ground in their motion for new trial.

Under Rule 2-6, Rules of the Supreme Court, as amended September 1, 1960, all errors occurring prior to the time of filing a motion for new trial shall be separately specified as grounds for new trial whenever the motion is appropriate. *Edwards* v. *Wyllie* (1965), 246 Ind. 261, 203 N. E. 2d 200, 202; *Fair Share Organization* v. *Nagdeman & Sons* (1964), 135 Ind. App. 610, 613, 193 N. E. 2d 257 (transfer denied). 2 F. & W., Ind. Pract., § 1733, *Comment 1*, p. 115 (1963 P. P.) ; 3 Wiltrout, Ind. Civ. Proc., § 2396, p. 213 (1967).

It was held by this court that a specification of a motion for new trial that the decision of the court is contrary to law presents no question as to the conclusions of law. *Dorweiler* v. *Sinks* (1958), 128 Ind. App. 532, 548, 148 N. E. 2d 570 (transfer denied).

The *Dorweiler* case was decided under Rule 2-6, *supra,* prior to its 1960 amendment, however, the rule then provided,

*"may* be separately specified" which the 1960 amendment changed to provide, *"shall* be separately specified." (Emphasis supplied.)

Therefore, in my opinion, any error in the court's conclusions of law must be made a separate ground in the motion for new trial to be available as error on appeal, except, of course, those arising after the time of the filing of the motion for new trial.

The reason for this is well stated in *Bays* v. *State* (1959), 240 Ind. 37, at page 43, 159 N. E. 2d 393, as follows:

"The chief reason for requiring that such errors be set forth as causes in a motion for new trial is that the trial judge have a chance to review the subject matter complained of and correct the error, if any, by granting the motion for new trial prior to appeal." See also: 2 F. & W., Ind. Pract., § 1814, pp. 141-42 (1963 P.P.); *Edwards* v. *Wyllie, supra.*

I am of the opinion this holding is in line with the trend in this State as indicated by the decisions of this court and our Supreme Court; the amendments of Rule 2-6, *supra;* and the policy to present to the trial court the specific objections to the decision or verdict.

Therefore, for the above reasons I would affirm the decision of the trial court.

NOTE.—Reported in 225 N. E. 2d 776.