FAGEL, ET UX., EXECUTOR OF THE ESTATE OF FRANK W. FAGEL
*v.* FAGEL, ET AL.

[No. 368-S-51. Filed March 14, 1968.]

*Gene Graebe,* Shelbyville, *Alan H. Lobley,* Indianapolis and *Terry and Graebe,* of counsel, of Shelbyville, and *Ice Miller Donadio and Ryan,* of counsel, of Indianapolis, for appellants.

*James A. Emmert, Jack R. Wood, George W. Barger,* Shelbyville, and *Emmert and Robison,* of counsel, of Shelbyville, for appellees.

PER CURIAM.—This case comes to us and is transferred to this Court from the Appellate Court. See opinion of Appellate Court reported in 225 N. E. 2d 776.

This is an action by certain heirs of Frank W. Fagel against the executrix and widow to construe the provisions of a will and to determine the interests of parties in the residuary estate.

The court, after hearing the matter, made special findings and conclusions of law and rendered judgment for the petitioners and heirs of the decedent and against the widow and executrix. A motion for a new trial was filed, based solely upon the specifications that the decision is not sustained by sufficient evidence and is contrary to law. The motion for a new trial was overruled and on appeal the appellants seek to question the sufficiency of the evidence as to finding No. 10 and the conclusion of law No. 5. Under Rule 2-6 of this Court all errors occurring prior to the time of the filing of the motion for a new trial shall be separately specified as grounds for a new trial whenever such a motion is appropriate. Errors claimed in special findings and conclusions of law filed prior to a motion for a new trial must be specified in a motion for a new trial to be presented on appeal, pursuant to Rule 2-6. *Edwards* v. *Wyllie* (1964), 246 Ind. 661, 203 N. E. 2d 200, 202; *Fair Share Organization* v. *Nagdeman & Sons* (1963), 135 Ind. App. 610, 193 N. E. 2d 257 (transfer denied); Flanagan, Wiltrout, and Hamilton, *Indiana Trial and Appellate Practice* § 1733, Comment 1 (1963 Supp.); 3 Wiltrout, *Indiana Practice* § 2396, (1967).

In *Dorweiler et al.* v. *Sinks et al.* (1958), 128 Ind. App. 532, 548, 148 N. E. 2d 570 (transfer denied) the Appellate Court held that a specification in a motion for a new trial that the decision of the court is contrary to law presents no question as to the conclusions of law.

In *Bays* v. *State* (1959), 240 Ind. 37, 43, 159 N. E. 2d 393, 395, we stated:

"The chief reason for requiring that such errors be set forth as causes in a motion for new trial is that the trial judge have a chance to review the subject matter complained of and correct the error, if any, by granting the motion for new trial prior to appeal."

It therefore appears to us that we have no question presented on appeal as to the insufficiency of the fiindings and conclusions of law specified in the argument section of appellant's brief.

For the above reasons, the judgment of the trial court is affirmed.

NOTE.—Reported in 234 N. E. 2d 628.