DONALD E. SENST *v.* CHARLOTTE BRADLEY.

[No. 1270A274. Filed December 1, 1971.]

*Leonard V. Campanale,* of Mishawaka, for appellant.

*Robert L. Stephan,* of South Bend, for appellee.

SHARP, J.—On the 29th of May, 1968, the Plaintiff-Appellant, Donald E. Senst, filed his complaint in this case against the Defendant-Appellee, Charlotte Bradley which was in two legal paragraphs, the first alleged personal injury damages sustained when the Appellee shot the Appellant in the stomach on May 27, 1967, and the second paragraph alleged a claim for monies had and received. Thereafter, the Appellee filed an Answer in six legal paragraphs summarized as follows:

1. Legal Paragraph I of the Answer was a general denial of the assault and battery.
2. Legal Paragraph II of the Answer was an allegation that if Appellee did commit the assault and battery, she did so by reason of "apprehension of injury."
3. Legal Paragraph III of Answer was directed to Paragraph I of Complaint and alleged that if Appellee did commit the assault and battery, she did so by reason of self-defense.
4. Legal Paragraph IV of Answer directed to Paragraph II of Complaint consisted of a general denial.
5. Legal Paragraph V of Answer directed to Paragraph II of Complaint alleged that if any money was owed, it had been paid by Appellee.
6. Legal Paragraph VI of Answer directed to Paragraph I of Complaint asserted Appellee's Counterclaim and Set Off alleging damage by reason of injury suffered from a beating inflicted upon the Appellee by the Appellant on March 23, 1967.

Appellant filed a reply denying the allegations of Set Off and Counterclaim.

This cause was tried in the Trial Court without the intervention of a jury. The Trial Court entered a judgment for the Defendant-Appellee and against the Plaintiff-Appellant on both Paragraphs I and II of the Complaint. The Trial Court further entered judgment for the Appellant and against the Appellee upon the Appellee's Answer of Set Off and Counterclaim.

In the Motion to Correct Errors filed by the Plaintiff-Appellant, it was asserted that the decision of the Trial Court with

reference to the judgment on Paragraphs I and II was contrary to the evidence and was contrary to law. The Motion to Correct Errors was overruled by the Trial Court and such ruling is asserted as error in this appeal.

This case springs from the knotty, complex, and sometimes illicit interpersonal relationship between the parties. The record is replete with contradictions and counter-assertions with reference to the conduct and character of the parties. It is unnecessary for us to go into all of the bloody details of this relationship in order to determine this case. It is necessary to comment at this point that both of the parties were before the Trial Judge and each side had an ample opportunity to fully air their side of the case. In this case, it is fortunate for us, as well as a correct application of the law, that we do not have to weigh the evidence and determine questions of credibility. Of course, we will consider the factual record with all inferences which are most favorable to the decision and judgment of the Trial Court.

The record discloses that the parties lived together without benefit of clergy for approximately one year and a half prior to May 27, 1967. The Appellant was a bartender and the Appellee was an admitted prostitute. The Appellee shot the Appellant on May 27, 1967. There is a mass of conflicting evidence on the issue of Appellee's apprehension or fear of injury and her acting in self-defense. There is evidence that in March of 1967, prior to the shooting on May 27, 1967, the Appellant picked up the Appellee and threw her in such a manner as to cause her to land on her head requiring emergency room treatment and causing great pain. There were other incidents of the violent relationship which existed between the parties during the years 1966 and 1967. There is evidence that during the period in which the parties lived together in 1966 and 1967 they each, on occasion, sustained personal injuries at the hand of the other.

In regard to the money claim, again there is conflicting evidence, but there is evidence which would support a deter-

mination of full payment of $525.00 to the Appellant on or about January 25, 1968.

It is elementary that the Appellant is seeking the reversal of a negative verdict as to both legal paragraphs of his Complaint. The burden is on the Appellant to persuade this Court that the decision of the Trial Court was contrary to law. A decision against one with the burden of proof is a negative decision against him and may not be attacked on the grounds that there is a lack of sufficient evidence to sustain it. That the decision is not sustained by sufficient evidence is not available to the Appellant here from the negative decision of the Court as to Paragraphs I and II of the Appellant's Complaint. See *State Farm Life Insurance Co.* v. *Spidel*, 246 Ind. 458, 202 N. E. 2d 886 (1964), *Langford* v. *Anderson Banking Co.*, 146 Ind. App. 677, 258 N. E. 2d 60 (1970) and Wiltrout, *Indiana Practice*, Vol. 2 § 1768.

It is only where the evidence is without conflict and leads to only one conclusion and the Trial Court reached a contrary conclusion that the decision will be disturbed as contrary to law i.e. that is where it affirmatively appears that reasonable men could not have arrived at the same judgment or conclusion. See *Edwards* v. *Wyllie*, 246 Ind. 261, 203 N. E. 2d 200 (1965). In this context, this Court, as a reviewing Court, will consider only the evidence most favorable to the decision of the Trial Court. See *Walting* v. *Brown*, 139 Ind. App. 18, 211 N. E. 2d 803 (1965) and *Jones* v. *State*, 244 Ind. 682, 195 N. E. 2d 460 (1964).

In this case the Trial Judge had to resolve many knotty questions of fact, weight, and credibility. The Appellant has been unable to persuade this Court that the Trial Judge committed reversible error as a matter of law in regard to his judgment in this case. Absent such a showing, it is our duty to affirm the judgment of the Trial Court.

The judgment of the Trial Court should be and hereby is affirmed.

Hoffman, C. J., Staton and White, JJ., concur.

NOTE—Reported in 275 N. E. 2d 573.