VINCENT J. NEWKIRK, EXECUTOR OF THE LAST WILL AND
TESTAMENT OF REA M. ROTHROCK, DECEASED v. WILLARD R.
ROTHROCK AND CLAUDIA ROTHROCK.

[No. 472A198. Filed March 19, 1973. Rehearing denied April 24, 1973.
Transfer denied August 27, 1973.]

504

*Evan A. McLinn,* of New Albany, *S. Morris Wilson,* of Corydon, for appellant.

*Robert W. Davis,* of Corydon, for appellees.

LOWDERMILK, J.—This is a suit brought by the executor of the estate of Rea M. Rothrock, deceased, to set aside a deed executed by decedent on October 10, 1967, to the defendants-appellees, Willard R. Rothrock and Claudia Rothrock. The decedent died on February 2, 1970. At that time no proceedings had been instituted in any court to set aside the deed in question.

The deed purported to transfer from decedent to appellees a farm valued at not less than $25,000. This deed was executed while decedent-grantor was in the hospital.

Trial was to the court without a jury and the court granted a judgment for defendants-grantees, appellees herein. Motion to correct errors was timely filed and overruled by the court, and this appeal follows.

The facts are briefly stated as follows:

Appellees had, for a period of approximately twenty years, rendered services for decedent, including taking care of the farm, yard, and transportation needs of the decedent. Appellees were distant relatives of the decedent. In October of 1967, while decedent was in the hospital recuperating from an operation, the appellee, Willard R. Rothrock, had a secretary for an attorney draw up a deed to the farm in question. Appellee took this deed to the hospital on October 10, 1967, where the decedent-grantor signed said deed, which transferred ownership of the property to the appellees. The purported consideration for this transaction was the twenty years of service given to the decedent by the appellees. The evidence most favorable to the appellees discloses that the decedent had, prior to her death, expressed an intention to leave said farm to the appellees and after said deed was executed, decedent recognized the existence of this deed.

Decedent, on October 10, 1967, was under medication in the hospital but the evidence most favorable to the appellees shows that she was not unduly influenced and was, at the time, capable of managing her own affairs and in such a physical and mental condition as to be aware of her surroundings and not subject to undue influence and was not incapacitated sufficiently that she could not manage her affairs and transact business in the ordinary course of events.

The trial court made certain findings of fact, which are summarized as follows:

Vincent J. Newkirk is the executor of the Last Will and Testament of Rea M. Rothrock, deceased, and is also the sole legatee and devisee under the Last Will and Testament of Rea M. Rothrock, deceased. That on October 10, 1967, Rea M. Rothrock, during her lifetime, conveyed to the defendants herein the real estate described in plaintiff's complaint, all of which was located in Crawford County, Indiana. That on October 10, 1967, at the time Rea M. Rothrock exe-

cuted the deed to the defendants she was not under the influence of medication or incapacitated in any manner and was of sufficient mind to manage her affairs and transact any business in the ordinary course of events; she was not under the coercion and undue influence of the defendants, Willard R. Rothrock and Claudia Rothrock; that she did execute, acknowledge and deliver said deed conveying her said real estate to the said Rothrocks on October 10, 1967, for a valuable consideration and that the said deed should not be set aside.

Conclusions of law were entered, which stated that the deed between Rea M. Rothrock and the defendants was valid and effective and of full force and effect and the real estate conveyed by said deed is to remain the property of the defendants, Rothrock and Rothrock.

Appellant filed his motion to correct errors, alleging certain specifications as follows:

Denial of a fair trial to plaintiff by order of court and abuse of discretion by the court permitting evidence of the personal physician of the decedent and nurses under the physician's supervision to testify concerning privileged matters and over plaintiff-appellant's objection; the decision was not supported by sufficient evidence upon all necessary elements of the defense, in that the defendants failed to introduce evidence contradicting the plaintiff's allegations of undue influence and absence of consideration; the decision is contrary to the evidence in that no evidence is in the record contradicting plaintiff's allegation of undue influence and absence of consideration; that the decedent was ill and in the hospital and under the influence of Nembutal and shots to put her to sleep and in pain when she executed the deed, which was without consideration.

The motion to correct errors further alleges that the decision was contrary to law, under which five specifications are set out, which are very similar to the specifications set out under the above charged errors of insufficient evidence.

Appellant contends that the facts presented at trial created a presumption of undue influence on the part of the grantees-appellees in the procurement of the deed; that said presumption was prevailing until rebutted by evidence showing that no undue influence was present; that no evidence is in the record to rebut the presumption of undue influence. And appellant takes the position that the physical and mental condition, coupled with the close relationship between appellees and the decedent, created a presumption of undue influence and that the burden of proof was on appellees to rebut the presumption.

Appellant relies on the case of *Ikerd* v. *Beavers* (1886), 106 Ind. 483, 7 N.E. 326, 329, which stated as follows:

"Where a contract has been procured from one who is in a situation of distress and necessity, by another who stands in a relation of confidence to, or who is in a situation of advantage over, such person the burden is on him who procures the benefits of such contract to show, among other things that it was made in the exercise of the free and voluntary choice of the other. . . ."

Appellees contend that no presumption of undue influence was raised by the evidence; that there was abundant evidence of adequate consideration; that there was ample evidence to show that the decedent was not unduly influenced; that the decedent had the physical and mental capacity to conduct her own affairs; and that the medication taken by the decedent did not make her mind susceptible to undue influence.

Appellant is appealing from a negative judgment and this court need only decide whether the decision was contrary to law. Our Supreme Court, in the case of *Pokraka* v. *Lummus Co.* (1952), 230 Ind. 523, 104 N.E.2d 669, stated as follows:

"The first specification in the motion for a new trial presents no question to this court because the burden was upon appellants to establish the allegations of their complaint, and a decision against them cannot be attacked upon the ground that there is insufficient evidence to sustain it. [Citing cases.]

"Appellants may, however, properly assert that the decision of the trial court denied them the relief to which they were entitled under the evidence and hence was contrary to law. . . .

"To determine this question we will consider only the evidence most favorable to appellee, together with any reasonable inferences which may be drawn therefrom. . . ."

This court, in an opinion by Judge Sharp, in the case of *Senst* v. *Bradley* (1971), 150 Ind. App. 113, 275 N.E.2d 573, 576, stated as follows:

"It is only where the evidence is without conflict and leads to only one conclusion and the Trial Court reached a contrary conclusion that the decision will be disturbed as contrary to law i.e. that is where it affirmatively appears that reasonable men could not have arrived at the same judgment or conclusion. See *Edwards* v. *Wyllie*, 246 Ind. 261, 203 N.E.2d 200 (1965). In this context, this Court, as a reviewing Court, will consider only the evidence most favorable to the decision of the Trial Court. [Citing cases.]"

Several witnesses at the trial, including the decedent's physician, two attending nurses, a real estate agent, and a hospital visitor, testified that the decedent had sufficient mental capacity to conduct her own affairs. Many witnesses at the trial, including the decedent's physician, a nurse, a relative, three visitors, and four neighbors, testified that the decedent was not particularly susceptible to undue influence and that her demeanor was normal for a woman sick in a hospital. One neighbor testified that the decedent ". . . had a mind of her own."

There was evidence that the decedent had made many references to her intent to give the property in question to appellees. Evidence adduced at the trial indicated that appellees had given valuable services to the decedent, including transporting her, making repairs and improvements and maintaining the farm, and looking after the needs of the decedent.

The decedent had acknowledged giving the farm to appellees by deed according to testimony given at trial by two neighbors, a repairman, and a real estate agent. We also note that no legal action was taken in the three years following the execution of the deed until after decedent's death to set aside the deed.

It is our opinion that there is sufficient evidence to support the trial court's findings of fact and conclusions of law and that the court's decision was not contrary to law.

Appellant next contends that the trial court committed error when it permitted the personal physician of the decedent-grantor, Dr. Brockman, to testify over objection by plaintiff's counsel. Appellant cites only Ind. Stat. Ann. § 2-1714 (550) (Burns, 1968 Repl.) to support his contention. The pertinent parts of said statute read as follows:

"Who are incompetent.—The following persons shall not be competent to testify:

\* \* \*

Fourth. Physicians, as to matter communicated to them, as such, by patients, in the course of their professional business, or advice given in such cases.

\* \* \*"

Appellees contend that the right to object to privileged testimony was waived when appellant introduced into evidence and relied upon charts on which entries were made by Dr. Brockman. Appellees further contend that the issue of the decedent's mental and physical condition was introduced by appellant and supported by said charts. With this contention we agree. The very nature of this cause revolves around the physical and mental condition of the decedent at the time the deed was signed. Our Supreme Court spoke to this question in the case of *Collins* v. *Bair* (1971), 256 Ind. 233, 268 N.E.2d 95, as follows:

"In our opinion, when a party-patient places his mental or physical condition in issue, he does an act which is

totally incompatible with an invocation of the physician-patient privilege as to that condition,— given the legal basis upon which the privilege is premised. Dean Wigmore has most ably described the resulting inconsistency:

'* * * the bringing of an action in which an essential part of the issue is the existence of physical ailment should be a waiver of the privilege for all communications concerning that ailment. * * *'

* * * Where a party-patient, of his own, does an act which will require disclosure of a condition otherwise protected from disclosure, there would appear to no longer be a basis upon which to allow that party to selectively suppress relevant medical evidence pertaining to the same specific condition. * * *"

It is our opinion that the trial court correctly allowed Dr. Brockman to testify.

Judgment affirmed.

Robertson, P.J. and Lybrook, J., concur.