BORDEN CABINET CORPORATION *v.* TOWN OF BORDEN (NEW PROVIDENCE) AND THE CITIZENS THEREOF.

[No. 1-1273A217. Filed June 17, 1974.]

William L. Thompson, of Salem, for appellant.

David Nachand, of Jeffersonville, for appellee.

LOWDERMILK, J.—Borden Cabinet Corporation, plaintiff-appellant, is engaged in the manufacture of television cabinets and office furniture in the Town of Borden, Indiana, with its place of business located on Walnut Street between Main Street and Highway 60. Walnut Street is located on the northwest edge of plaintiff-appellant's property and is one of five to seven streets connecting Main Street with Highway 60 and is considered to be one of the three principal connecting streets.

Plaintiff-appellant was adding two more lines of office furniture to its production, which would require additional warehouse space. In order to secure this, it filed its petition to vacate one block of Walnut Street between the railroad track to the north and a public alley to the south in order to allow construction of the warehouse across Walnut Street and on plaintiff-appellant's three lots on the other side of Walnut Street.

After some legal maneuvering and the filing of a remonstrance against the petition to close the portion of Walnut Street, the petition was heard on August 23, 1973, and denied.

Plaintiff-appellant timely filed its motion to correct errors which was overruled.

The motion to correct errors consists of several specifications. However, plaintiff-appellant in its brief, under Ind. Rules of Procedure, Appellate Rule 8.3 (A) (7), stated that the two reasons set out in the motion to correct errors, namely, the decision of the court is contrary to the evidence, and, secondly, the decision of the court is contrary to law, were

all that it relied on for reversal and elected to group them and support them with one argument.

The action was brought under IC 18-5-10-44 Ind. Ann. Stat. § 48-919 (Burns 1973 Supp.) which reads, in part, as follows:

"Vacating street or alley—Petition.—Whenever any person or persons interested therein, or the owner or owners of any lot or lots or part or parts of lots in any incorporated city or town, or which is not a corporation in active operation, shall desire to vacate any street, alley or public ground therein or any part thereof adjoining the lot or lots or part or parts thereof, such person or persons shall file with the circuit court in the county in which the lands, or some part thereof, are situate, his, their, or its petition, setting forth the particular circumstances of the case, giving a distinct description of the property sought to be vacated and the names of the persons particularly interested therein and who shall be affected thereby, and notice of the filing and pendency of the petition shall be given as in this article [§§ 48-916—48-928] provided.

If no objection within such time is made in writing by any party interested, the court shall grant the prayer of the petition. If objection thereto is made, the court shall set the same down for trial and hearing by the court, and if, in its opinion, justice shall require it, the court shall grant the prayer of the petition, in whole or in part.

\* \* \*"

Defendant-appellee filed its remonstrance under IC 18-5-10-45, Ind. Ann. Stat. § 48-920 (Burns 1973 Supp.), which reads as follows:

"Remonstrance—Contents.—When, in any proceeding for the vacation of any street, alley or part thereof, or other public ground, or of any block or blocks of lots, remonstrance is permitted to be made, any person or persons feeling himself or themselves aggrieved by the proposed vacation may remonstrate in writing upon any one or more of the following grounds and no other:

First. Because the addition, subdivision or part thereof, or street or alley therein, or other public ground, so sought to be vacated is necessary to the growth of the town or city in which the same is situate or which the same adjoins.

Second. That the proposed vacation will leave the real

estate of the remonstrant or remonstrants, within any such town or city, without ingress or egress by means of a public way or street.

Third. That the vacation will cut off the public's access to some church, school or other public building or grounds."

The evidence is without conflict that statutory grounds two and three do not exist.

We are of the opinion it is not necessary at this time to set out or discuss in detail the evidence relied upon by appellant in its brief as grounds for reversal of this cause for the reason that the plaintiff-appellant is seeking the reversal of a negative judgment. It is axiomatic that a decision against the one with a burden of proof is a negative decision against him and may not be attacked on appeal on the grounds that there is insufficient evidence to sustain it or that the decision was contrary to the evidence.

In the case of *Lindenborg* v. *M & L Builders and Brokers, Inc.* (1973), 158 Ind. App. 311, 302 N.E.2d 816, the court said:

> "The rules concerning the review of such a judgment are firmly established. A negative judgment will be reversed only where the evidence is without conflict and leads to but one conclusion. An attack against the sufficiency of the evidence supporting a negative judgment is an improper form of appeal, and any contention that the judgment is not supported by the evidence or is contrary thereto, presents nothing for the consideration of this court."

See, also, *VerHulst* v. *Hoffman* (1972), 153 Ind. App. 614, 286 N.E.2d 214.

Plaintiff-appellant's next argument is that the judgment of the trial court was contrary to law. There is conflicting evidence as to whether or not the vacation of Walnut Street is necessary to the growth of the town. However, the evidence most favorable to the appellee and the reasonable inferences to be drawn therefrom is that Walnut Street is necessary for the future commercial and residential development and

growth of the Town of Borden. This evidence is sufficient to support the judgment of the trial court and therefore the said judgment of the trial court is not contrary to law.

In *Senst* v. *Bradley* (1971), 150 Ind. App. 113, 275 N.E.2d 573, this court said:

"It is only where the evidence is without conflict and leads to only one conclusion and the trial court reached a contrary conclusion that the decision will be disturbed as contrary to law i.e. that is where it affirmatively appears that reasonable men could not have arrived at the same judgment or conclusion. See *Edwards* v. *Wyllie* (1965), 246 Ind. 261, 203 N.E.2d 200. In this context, this court, as a reviewing court, will consider only the evidence most favorable to the decision of the trial court. See *Walting* v. *Brown* (1965), 139 Ind. App. 18, 211 N.E.2d 803 and *Jones* v. *State* (1964), 244 Ind. 682, 195 N.E.2d 460."

See, also, *Yellow Manufacturing Acceptance Corp.* v. *Voss* (1973), 158 Ind. App. 478, 303 N.E.2d 281 and *Illinois Valley Acceptance Corp.* v. *Woodard* (1973), 159 Ind. App. 50, 304 N.E.2d 859, which case quoted the landmark case of *Pokraka* v. *Lummus Co.* (1952), 230 Ind. 523 at 532, 104 N.E.2d 669, as follows:

" '. . . only where the evidence is without conflict and can lead to but one conclusion, and the trial court has reached an opposite conclusion, that the decision of the trial court will be set aside on the grounds that it is contrary to law."

Finding no reversible error, judgment affirmed.

Robertson, P.J. and Lybrook, J., concur.

NOTE.—Reported at 312 N.E.2d 138.